# Richmond.

## ECHOLS'S EX'OR v. BRENNAN AND OTHERS.

### JANUARY 24, 1901.

#### Absent, Harrison, J.*

1. CHANCERY PRACTICE—*Dismissal Under Five Years' Rule—Reinstatement—Consent.*—A decree striking a cause from the docket under the five years' rule is an adjudication that everything has been done in the cause which the court intended to do, and is final, and the cause cannot be reinstated on the docket after the lapse of one year without the consent of all parties to be affected thereby.

2. CHANCERY PRACTICE—*Dismissal Under Five Years' Rule—Publication—Code, Section 3312.*—The provision in section 3312 of the Code, that the court making an order of dismissal under the five years' rule "may direct it to be published in a newspaper," is not mandatory. The public has no interest in such publication, and no party has a claim, as of right, to such a publication.

3. CHANCERY PRACTICE—*Dismissal—Reinstatement—Parties Jointly Liable—Consent.*—Where the object of reinstating a cause, which has been stricken from the docket under the five years' rule, is to settle the claims against two parties who are jointly liable, the consent of one is not sufficient to warrant the reinstatement, although it was not known at the time that the other person would be a necessary party. The cause cannot proceed without the other party, and cannot be revived against him without his consent. Nor can the cause proceed against the party who consented to the reinstatement. Courts of equity will not proceed with a cause, notwithstanding the agreement or silence of parties, where it is evident that, for lack of proper issues, or proper parties, final results cannot be accomplished, and injustice and future litigation are the probable consequences.

*Judge Harrison was holding the bar examination.

Appeal from a decree of the Circuit Court of Augusta county, pronounced June 27, 1900, in a suit in chancery, wherein the creditors of the Virginia Banking and Trust Company were the complainants, and the said company and the appellant and another were the defendants.

*Reversed.*

The opinion states the case.

*A. C. Braxton,* for the appellant.

*Ranson & Ranson, Patrick & Gordon,* and *Elder & Elder,* for the appellees.

Phlegar, J., delivered the opinion of the court.

The question which we are to determine in this cause is, " Can a suit which has been dismissed under the five-years' rule, section 3312 of the Code, be reinstated after one year without the consent of all the parties who are necessary to the final determination of the cause?"

This cause was pending in the Circuit Court of Augusta county for a number of years to administer a trust fund which was in the hands of John Echols and J. N. Hendren as joint trustees in a deed from the Virginia Banking and Trust Company. They answered jointly, settled joint accounts in the suit, and kept the fund in a joint bank account.

The suit lay for more than five years without any order, except orders for continuance, and was stricken from the docket under the five-years' rule. It seems, from the subsequent proceedings, that, at the time the cause was dismissed, the trustees had to their ·credit in bank a considerable amount of the trust fund, and that they collected and deposited further sums after the dismissal. Some time after the dismissal, John Echols died, and later, J. N. Hendren died. Four years after the dismissal of the suit, some of the trust creditors, who had been plaintiffs in the suit, learned

of the fund in the bank, and, with the consent of Hendren's administrator, had the cause reinstated, and recommitted to a commissioner, "to take, state, settle and report a further account of the funds in this cause, and *in whose hands it is,* and how the same is to be distributed among the persons entitled thereto."

The commissioner reported that, of the amount to the credit of the trustees in bank, Hendren's estate was entitled to $1,832.06 on account of commissions. The report was excepted to by the creditors on whose motion the suit had been reinstated, because the trustees were not charged with interest on their collections. The court indicated that it would sustain the exceptions, whereupon Hendren's administrator claimed that Echol's estate was jointly liable for the interest, and a decree was entered reciting that " in the absence of consent on the part of the estate of said Echols to the revival of these proceedings, the counsel for petitioners (plaintiffs) deeming it proper to follow the usual course, it is now formally suggested of record that John Echols * * * has departed this life," and a *scire facias* was awarded to revive the suit against his executor.

On the return of the *scire facias,* Edward Echols, the executor, appeared and objected by demurrer and answer, to the revival, contending that the cause was finally ended by the order of dismissal, and the failure to reinstate in one year, and that it could not be reinstated against him by any compulsory process. The court overruled his objections, revived the cause against him, and directed the commissioner to restate the account, and charge the trustees with interest on certain portions of the fund. From that decree this appeal was taken.

The decree striking the cause from the docket was "an adjudication that everything had been done in the cause that the court, intended to do." The decree may be erroneous, but the error does not render it less final. The court, by its order, put the cause beyond its control, and it cannot, upon discovery of the error, recall it in a summary way and resume a jurisdiction which

has been exhausted. *Battaile* v. *Maryland Hospital,* 76 Va. 69, 70.

It is urged by the appellees that because it does not appear that the court directed the order of dismissal to be published in a newspaper, the order of dismissal was not operative. Section 3312 provides: "A court making such an order *may* direct it to be published in such newspaper as it may designate," and it is contended that this is mandatory, that "may" means "shall." The public has no interest in such a publication. No party has a claim, as of right, to such a publication. It bears no resemblance to the natural right of defence which led the court in *Bean* v. *Simmons,* 9 Gratt. 391, cited by appellees, to hold that "may" is mandatory in the statute prescribing that "a defendant may, at any time before final decree, be allowed to file his answer." The many instances in which publication would be useless, as where all parties are present when the suit is dismissed, and the difficulty of providing means for paying costs of publication, etc., make it evident that this provision is not mandatory.

This suit is not, as appellees claim it is, within the rule of *Smith* v. *Powell,* 98 Va. 431. There all of the parties interested consented to reinstate the cause. Here one of the parties vitally interested strenuously objects.

The appellees say they did not consider Echols, executor, a necessary party when they had the cause reinstated, and that they, in good faith, obtained the consent of all whom they then deemed necessary, and that it was matter arising subsequently which made him a necessary party.

The answer is, the executor of John Echols was a necessary party to the settlement of the joint account which was ordered by the very decree which reinstated the cause, and he cannot be prejudiced by the mistaken judgment of the appellees.

If their contention should be sustained, almost every chancery suit, where the parties are numerous, could be reinstated after

the death of those most interested, and at any length of time, by obtaining the consent of some to reinstatement, and then by compulsory process requiring others to submit to further litigation. No man could ever know that litigation was certainly ended.

Another question requires determination: Hendren's administrator consented to the reinstatement of the cause. Can the appellees proceed against him alone for a settlement of the joint account?

If he were here complaining of a decree against him, which protected Echol's estate, he might, under the decision of the majority of the court in *Mayo* v. *Murchie*, 3 Munf. 356, be held to have waived the right to object to the lack of parties. But such is not this case. If there should be a decree against Hendren's administrator for interest, or for a *devastavit*, it would be on account of matters in which, so far as this record shows, Hendren and Echols acted jointly, and a suit against Echol's estate would almost certainly result, in which a different conclusion might be reached. If the decree should be in favor of Hendren's estate for so much of the bank account as the commissioner reported the creditors are not entitled to, Echol's executor asserts a claim to one-half thereof, and a suit against Hendren's estate might be the result. Again, the grossest injustice may be done in the settlement, if the transactions of Echols are not taken into the account. Who can say that he has made no payments or no collections?

As was said by Judge Carr, in *Clark* v. *Long*, 4 Rand. 452: "It is the constant object of courts of equity to do complete justice, by deciding and settling the rights of all persons interested in the subject of the suit, so as to make *the performance of the order of the court perfectly safe to all those who are compelled to obey it, and to prevent future litigation.*" Parties cannot by their express agreement, any more than by remaining silent, require courts of equity to proceed with causes where it

is evident that for lack of proper issues or proper parties final results cannot be accomplished, and injustice and future litigation are the probable consequences. See opinion of Judge Bouldin in *Armentrout's Ex'or* v. *Gibbons,* 25 Gratt. 376.

More than once has it been held by this court that where the bill in a suit on a joint obligation is taken for confessed against some of the parties and one makes a defence which shows that none are liable, there should be no decree against those who do not defend,—*Cartigne* v. *Raymond,* 4 Leigh, 579; *Ashby* v. *Bell's Adm'r,* 80 Va. 811; the reason being that the action or non-action of the parties will not cause the court to do injustice.

The cause was improperly reinstated, and could not be proceeded in without. Echol's executor being made a party, and could not be revived against him without his consent. The decree appealed from is erroneous, and will be reversed. The Circuit Court should dismiss the suit.

*Reversed.*