## Wytheville.

### SNEAD AND OTHERS V. ATKINSON AND OTHERS.

June 14, 1917.

Absent, Burks, J.*

1. DISMISSAL, DISCONTINUANCE AND NONSUIT—*Effect of Striking Cause from Docket Under Section 3312, Code of 1904.*—Section 3312 of the Code of 1904 provides: "Any court in which is pending a case wherein for more than five years there has been no order or proceeding except to continue it, may, in its discretion, order it to be struck from its docket; and it shall thereby be discontinued. A court making such order may direct it to be published in such newspapers as it may designate. Any such case may be reinstated, on motion, within one year from the date of such order, but not after." A cause stricken from the docket under this provision cannot be reinstated after the lapse of one year, except by consent of all parties. A decree striking a cause from the docket is an adjudication that everything has been done in the cause that the court intends to do. The decree may be erroneous, but the error does not render it less final, and the court having by its order put the cause beyond its control, cannot upon a discovery of error recall it in a summary way and resume a jurisdiction which has been exhausted.

2. ORDERS—*Validity—Jurisdiction of Court.*—In order to enter valid orders a court must have jurisdiction of the cause in which such orders are entered, and no valid orders can be entered in a case which has been once finally disposed of, unless it has been first legally reinstated.

3. EQUITY—*Equity will Consider the Substance and not the Form—Laches.*—An equity court will always consider the substance and not the form. This doctrine is a wholesome one and is favored by courts of equity, but always for the purpose of promoting substantial justice, never for the purpose of perpetrating a wrong in the name of equity. In the instant case a suit to enforce a judgment lien was stricken from the docket, the original judgment debtor was dead; and all the parties

*Case submitted before Judge Burks took his seat.

familiar with the facts were dead, except the creditor. The lands in question had been acquired by the appellants and improvements had been made upon them, and they had held their lands under title derived from the judgment debtor or his heirs at law for more than fifteen years, during which time the judgment creditor had slept upon his rights.

*Held:* That the above doctrine of equity could not be invoked in favor of the judgment creditor. His delay in asserting his lien has been unexplained by him, and because of the death of the debtor and of those familiar with the subject matter in his lifetime is now inexplicable. One who has been silent when he should have spoken will not be permitted to speak when he should be silent.

Appeal from a decree of the Circuit Court of Goochland county. Decree for defendants. Complainants appeal.

*Reversed.*

The opinion states the case.

*Smith & Smith* and *Samuel A. Anderson,* for the appellants.

*Jos. P. Sadler* and *W. M. Justis, Jr.,* for the appellees.

PRENTIS, J., delivered the opinion of the court.

The appellants, John T. Snead, Ella Logan, who was formerly Ella Bowles, Daniel Hobson, Emma Farrar, Howard Hobson, James Henry Hobson, Minnie Hobson, Saunders Hobson, Florence Hobson, the last three of whom are infants, suing by Mat Hobson, their father and next friend, Mat Hobson, in his own right and as the surviving husband of Lucy Hobson, filed their bill in the Circuit Court of the county of Goochland against W. J. A. Atkinson, William Crouch, administrator of E. J. Duval, J. P. Sadler, special commissioner, William Crouch, substituted trustee, B. O.

James, trustee, and A. R. Anglea, the object of which was to enjoin any further proceedings to execute a certain decree entered on December 9, 1912, upon the ground that it is null and void.

The defendants demurred to the bill, the court sustained the demurrer, and this is assigned as error.

These facts appear: On or about the 3rd day of April, 1889, W. J. Atkinson, guardian of W. J. A. Atkinson, suing for the benefit of L. W. Reams, curator of the estate of W. J. A. Atkinson, recovered a judgment in the Circuit Court of Goochland county against E. J. Duval, for the sum of $2,375.24, with interest from July 1, 1886, and costs, which judgment was docketed on the 10th day of April, 1889. On the 17th of August, 1889, a creditors' suit was brought against Duval, to subject his real estate to the lien of said judgment. The usual proceedings were had and decrees were entered directing the sale of certain lands of the defendant, Duval, including a valuable farm called Goat Hill, upon which the debt was also a lien by deed of trust, as well as certain other lands now claimed by the appellants. Pursuant to these decrees, the farm called Goat Hill was sold to the creditor for $2,200, which sale was confirmed by the court in August, 1891, the net proceeds of the sale being credited upon the judgment, and a decree directing a deed to be made to the purchaser by the special commissioners was entered on April 1, 1892. No sale was made of any of the other tracts of land of the judgment debtor, Duval, and they have been since acquired by the appellants. W. J. A. Atkinson attained his majority on the 15th day of August, 1891, and by decree of September 3, 1891, he became a party complainant to the suit for the enforcement of the said lien. No other decree was entered in that cause until September 10, 1903, when an order was entered striking the cause from the docket under section 3312 of the Code, which provides:

"Any court in which is pending a case wherein for more than five years there has been no order or proceeding except to continue it, may, in its discretion, order it to be struck from its docket; and it shall thereby be discontinued. A court making such order may direct it to be published in such newspaper as it may designate. Any such case may be reinstated, on motion, within one year from the date of such order, but not after."

The judgment debtor, Duval, died in August, 1896. The case was stricken from the docket during the lifetime of counsel who brought the suit. No copy of the order of dismission entered in 1903 was filed in the papers of the cause, but the original papers had been filed with the ended causes, and the clerk's fees had been taxed and paid.

In this state of the record the judgment creditor, W. J. A. Atkinson, filed a petition in the said ended cause and had process issued on the 27th day of February, 1908, against Crouch, the administrator of Duval, John T. Snead, Lucy Hobson, Thomas B. Clarke, trustee, and Mary F. Henley, the object of which was to enforce his lien against the lands claimed by the appellants for the balance due on the said judgment. This petition alleged that the original suit was then pending, although it had been dismissed more than four years before that time. Some of the appellants who were defendants to that petition answered it, and certain proceedings were had, the result of which was that on the 9th day of December, 1912, the court entered a decree directing a sale of the lands held by the appellants. At this time the appellants were ignorant of the fact that the original cause had been stricken from the docket. On or about the 5th of March, 1913, their attorney for the first time learned that the original cause had been stricken from the docket on September 10, 1903, and thereupon informed counsel for Atkinson. Thereafter the appellants instituted this suit on the 8th day of June, 1914, to avoid that decree.

The court sustained the demurrer of the defendants and dismissed the bill, and of this decree the appellants are here complaining.

The question, then, now to be determined, is whether or not the decree of the 9th of December, 1912, subjecting the lands held by the appellants to the lien of the judgment, is void. What then is the effect of striking a case from the docket under the statute above referred to?

In *Echols* v. *Bronnan*, 99 Va. 150, 37 S. E. 786, it was expressly determined that a cause stricken from the docket under that statute cannot be reinstated after the lapse of one year, except by consent of all parties. In that case, all of the parties except one had consented, but this court held that all of the decrees entered after the cause was dismissed from the docket were void and that the lower court had no jurisdiction to enter them. It was also held that a decree striking a cause from the docket is an adjudication that everything has been done in the cause that the court intends to do. The decree may be erroneous, but the error does not render it less final, and the court having by its order put the cause beyond its control, cannot upon a discovery of error recall it in a summary way and resume a jurisdiction which has been exhausted.

In *Battaile* v. *Maryland Hospital*, 76 Va. 69, a parcel of land in Caroline county had been sold, the proceeds distributed, and the special commissioner had been directed to sell an undivided interest in a tract of land in Loudoun county. Before the Loudoun county land had been sold, however, the court entered an order on the 25th day of March, 1872, striking the cause from the docket. Afterwards, on March 25, 1874, without notice to any of the parties, the cause was reinstated, the order of reinstatement saying that it had been erroneously stricken from the docket. This court, however, held that this latter order was erro-

neous, inasmuch as the decree removing the case from the docket was final, and that all orders and decrees entered thereafter were void.

These cases are decisive of the case at bar, for it must be indisputable that in order to enter valid orders a court must have jurisdiction of the cause in which such orders are entered, and no valid orders can be entered in a case which has been once finally disposed of, unless it has been first legally reinstated. *Smith* v. *Powell,* 98 Va. 431, 36 S. E. 522.

Mr. Freeman says, as to a void judgment: "If it be null, no action on the part of the plaintiff, no inaction upon the part of the defendant, no resulting equity in the hands of third persons, can invest it with any of the elements of power or vitality." Freeman on Judgments, sec. 117. *Wade* v. *Hancock,* 76 Va. 626.

Counsel for the appellees appreciate the force of these well established doctrines and seek to escape the consequences thereof by invoking another rule, namely, that an equity court will always consider the substance and not the form, and therefore urge that the petition filed in the ended suit should be construed as in effect a new suit, because it was filed at rules, the parties summoned to answer the petition, and some of the parties defended. This latter doctrine is a wholesome one and is favored by courts of equity, but, so far as we are informed, always for the purpose of promoting substantial justice, never for the purpose of perpetrating a wrong in the name of equity. In the case at bar all of the equities are against the appellees. The original judgment debtor, Duval, lived for several years after the sale of the Goat Hill tract of land above referred to, and during all of these years, in the suit then pending, the creditor had all of the rights that he had at the time he filed his petition. Now all of the parties familiar with the facts have died, except the creditor. Since the sale of Goat

Hill the lands here involved have been acquired by the appellants, improvements have been made thereon, and they have held their lands under title derived from the judgment debtor or his heirs at law for more than fifteen years, during which time the judgment creditor has slept upon his rights. His delay in asserting his lien has been unexplained by him, and because of the death of the debtor and of those familiar with the subject matter in his lifetime is now inexplicable. One who has been silent when he should have spoken will not be permitted to speak when he should be silent. Pom. Eq. Jur. (3d ed.), sec. 818.

We have no doubt that all of the decrees entered after the original cause was stricken from the docket are absolutely null and void, and, therefore, the demurrer to the bill of appellants should have been overruled and the relief prayed for granted. A decree embodying these views will be entered by this court.

*Decree Reversed.*