Statement.

## Staunton.

## PETERS V. PETERS.

### September 20, 1917.

1. DISMISSAL, DISCONTINUANCE AND NONSUIT—*Reinstatement of Cause.*—In a suit regarding lands, a consent decree was entered awarding the complainant a writ of possession for the lands, and retiring the cause from the docket, with leave to either party to reinstate upon reasonable notice to the adverse party. Twenty years or more afterwards notice was issued by the wife of the original complainant, not a party to the suit, addressed to the defendants in the original suit and appellant, not a party to that suit, that she would move the court to reinstate the cause in order that she might obtain from the court an order for a writ of possession of the land. Upon this notice and without other allegations, or evidence, the court entered a decree awarding the writ of possession asked for.

 *Held:* Error upon the part of the court. The proceeding under the notice was neither a suit in equity, an action at law, nor based upon any statute. The wife of the original complainant was not a party to the original suit; neither was the appellant. Whatever the effect, if any, of the leave given to either party to reinstate the suit in the original decree, such privilege could only have been exercised within a reasonable time, and by one of the parties to the original suit. The court had no jurisdiction over either the party seeking to reinstate the cause or the appellant, nor over the land apparently involved in the controversy. The decree, therefore, was void.

Appeal from a decree of the Circuit Court of Scott county. Decree for complainant. Defendant appeals.

*Reversed.*

The opinion states the case.

*W. S. Cox,* for the appellant.

*H. C. L. Richmond,* for the appellee.

PRENTIS, J., delivered the opinion of the court.

This is an appeal from a decree entered January 22, 1916, under the following circumstances: In 1895 C. C. Peters filed his bill against his son-in-law, D. C. Flanary, and his three infant children, alleging, in substance, that he, Peters and his wife, Martha A. Peters, had on the 6th day of April, 1887, conveyed a certain tract of land in Scott county, Virginia, to his daughter, Louisa H. Flanary; that his daughter had died leaving three infant children as her heirs at law, the youngest of whom at that time was seven years old; that in the conveyance the grantors reserved a lien for their maintenance during their natural lives; that Flanary and his children were in possession of the land and taking the profits arising therefrom; that Flanary was insolvent; and that he had been unable to induce Flanary to pay a reasonable compensation for the maintenance of himself and his wife, and praying for pecuniary compensation in satisfaction of the lien.

The guardian *ad litem* for the infants filed formal answer to the bill, and Flanary answered, expressing his surprise at the institution of the suit and alleged that he believed that it was because of some differences which had arisen between himself and his father-in-law; that the land was almost worthless and certainly not worth a law suit; and that he would be perfectly willing to abandon the land and deliver it to the complainant, and asked that he be relieved from any costs.

Thereupon on November 23, 1895, a decree was entered to which Flanary consented, providing that possession of the land be delivered to the complainant, C. C. Peters and

Martha A. Peters, his wife, to be by them held and used during their natural life, and as tenants for life, they to keep the taxes paid thereon, and a writ of possession therefor was awarded and no costs taxed against the defendants. The final clause of the decree reads thus: "And the cause is retired from the docket with leave to either party to reinstate upon reasonable notice to the adverse party."

Nothing more appears in the record before us until the notice upon which the decree complained of is based was issued by Martha A. Peters, survivor, etc., addressed to the defendants in the original suit and to John M. Peters, the appellant. This notice reads thus:

"You will please take notice that on the 18th day of January, 1916, that day being the first day of the January, 1916, term of the Circuit Court for Scott county, Virginia, I shall move the said court to reinstate on its court docket the retired chancery cause styled, *C. C. Peters versus D. C. Flanary et als.*, pursuant to a decree entered in said cause on the 23rd day of November, 1895. The object of the reinstatement of said chancery cause is to obtain from said court an order for a writ of possession of the land mentioned in the bill and proceedings." There is a note by the clerk that this notice was served on the defendants to the original suit by order of publication, they being non-residents.

Upon this notice and without other allegation, or evidence, the court entered the decree complained of, awarding Martha A. Peters a writ of possession for the land.

That the court erred in entering this decree appears to be manifest from a recital of these facts. The proceeding under the notice is neither a suit in equity, an action at law, nor based upon any statute. Martha A. Peters was not a party to the original suit; neither was John M. Peters, the appellant here. Whatever the effect, if any, of the leave given to either party to reinstate the suit in the decree of

November 23, 1895, such privilege certainly could only have been exercised within a reasonable time, and by one of the parties to the original suit. As neither Martha A. Peters nor John M. Peters were parties to that suit, the cause could not be reinstated upon the notice by Martha A. Peters. If John M. Peters is now in possession of the property, and if Martha A. Peters is now entitled to possession thereof, she should assert her right thereto in some proper proceeding alleging and proving the facts upon which she bases her claim. The court in this proceeding had no jurisdiction over either John M. Peters or Martha A. Peters, nor over the land apparently involved in the controversy, and the decree complained of is void. *Battaile* v. *Maryland Hospital for the Insane,* 76 Va. 63; *Wade* v. *Hancock,* 76 Va. 626; *Smith* v. *Powell,* 98 Va. 431, 36 S. E. 522; *Echols* v. *Brennan,* 99 Va. 150, 37 S. E. 786; *Snead* v. *Atkinson,* 121 Va. 182, 92 S. E. 835.

The court will dismiss this proceeding.

*Reversed.*