# Richmond

## NORA JONES GOLDEROS v. RUDESINDO GOLDEROS, JR.

January 13, 1938.

Present, Campbell, C. J., and Holt, Gregory, Browning,
Eggleston and Spratley, JJ.

The opinion states the case.

*Clay Crenshaw* and *Marvin E. Nuckols, Jr.,* for the appellant.

*Cutchins & Cutchins,* for the appellee.

SPRATLEY, J., delivered the opinion of the court.

The question in this case involves the power of a court of equity to subsequently modify and change the alimony provisions of a final decree of divorce from the bonds of matrimony, where there were no children to be provided for, and no reservation was made for future changes or modification. There is no question of fraud, mistake, or clerical error involved.

Mrs. Nora Jones Golderos originally institued the suit for divorce against her husband, Rudesindo Golderos, Jr., on the grounds of adultery. The cause was regularly matured and heard.

A final decree was entered therein by the trial court on October 9, 1930, dissolving the bonds of matrimony theretofore existing between the parties. Under Virginia Code, section 5111, as it existed in 1930, the decree provided for the payment of alimony by Dr. Golderos in the sum of seventy-five dollars per month to Mrs. Golderos until she should remarry, without any reservation for future changes or modification. The decree was concluded in the following language: "And nothing further remaining to be done in this suit, it is further ordered that it shall be stricken from the docket and placed among the ended causes of this court." The back of this decree bore the personal endorsement of the defendant, "I have seen this. Rudesindo Golderos, Jr."

On December 11, 1933, Mrs. Golderos, for some reason not shown in the record, but indicated in the briefs, because she was unable to promptly or fully collect the alimony provided for in the decree, signed a paper writing as follows:

"I, Nora Jones Golderos give legal consent to Rudesindo Golderos, Jr., to have my alimony reduced from $75.00 a month to $50.00 a month, *comensing* January 1st. 1934."

Thereafter, on May 9, 1934, three years and seven months after the final decree of October, 1930, and five months after the above agreement, the trial court entered a decree in the original cause, undertaking to vacate so much of the final decree of October, 1930, as directed the payment of

seventy-five dollars per month, and reduced the amount to fifty dollars per month, assigning as the reason therefor that the latter amount was the maximum which the defendant was able to pay at that time. This decree recited that this cause came on "to be again heard upon the papers formerly read, and upon the motion of Rudesindo Golderos, Jr., heard after due notice to the plaintiff * * *." On the back of this decree was the endorsement of counsel for the plaintiff, "I have seen this. A. Hamilton Bryan. p. d."

Again, on June 18, 1936, over the objection of the plaintiff, another decree was entered. The original cause recited that it came on "to be again heard on the papers formerly read, on the petition of Rudesindo Golderos, this day filed by leave of Court, and on a copy of the notice which was mailed to the complainant * * *." This decree undertook to vacate so much of the decree of May 9, 1934, as directed the payment of fifty dollars per month, and reduced the sum to twenty-five dollars per month, upon the ground that Mrs. Golderos "is, or should be, able by this time to at least pay part of the amount necessary for her support by reason of her own efforts * * *."

On December 8, 1936, over the objection of the plaintiff, this cause was again brought on to be heard, and another decree was entered. This decree recited that it "appearing to the court" that the decree of May 9, 1934, was entered by consent of the parties in confirmation of an agreement between them, but that the court having failed, at that time, to reinstate the cause on the docket, it was thereby reinstated upon the docket now for then. It then proceeded to undertake to ratify and confirm all decrees theretofore entered in the cause, on the ground that the cause was reopened by consent of the parties.

In preparing the record, an order was entered by the trial court on February 2, 1937, approving a stipulation that the foregoing decrees and the agreement of December 11, 1933, should constitute the entire record in this cause. This last order further recited that the decree of May 9, 1934, was based on Mrs. Golderos' agreement of December 11,

1933, and refers to a decree of July 17, 1935, as made at the request of Mrs. Golderos, directing a commissioner in chancery to ascertain the income and the assets of the defendant. Neither this last-mentioned order, nor the report of the commissioner, is contained in the record.

The plaintiff contends that after the final decree of October 9, 1930, the trial court had no jurisdiction or power to reinstate the original case on the docket, nor to alter or modify the terms thereof, nor could such jurisdiction be conferred by consent of parties, and that no such consent was obtained. The defendant, on the other hand, admits that the decree of October 9, 1930, was the final decree; but contends that the original cause was reopened by consent of both parties.

The decree of divorce entered on October 9, 1930, became final upon the adjournment of the court for that term. The trial court had heard and determined the case on its merits. It had had the opportunity to exercise all of the powers it possessed, both in granting the divorce and in determining the amount of alimony which should be paid to the wife. The question of alimony was, in fact, actually litigated, and definitely and finally determined. No reservation was made of the power to change or modify the terms of the decree to meet a changed condition of the parties, which might subsequently occur. No appeal from that decree was taken within the time fixed by law. It was an adjudication by a court having jurisdiction over such matter and over the parties, not only as to the matters actually determined, but as to every other matter which the parties ought to have litigated as incidental thereto, and is final and conclusive as to all such matters. There was, at that time, no statute conferring the power to modify or alter such a decree. There was left to the court only the right to enforce obedience to it.

After the decree became final, the parties were no longer married. The trial court had no further jurisdiction arising out of the marital relation, except to compel compliance with the provisions of the decree. The right to

award the alimony in this case arose out of the jurisdiction of the court in the divorce proceeding. The power to which the award of alimony was incidental, ceased to exist when the decree became final. Certainly the cause could not be reopened for the purpose of modifying the character of the divorce theretofore granted, nor could such jurisdiction be reinstated to secure power to perform an incidental purpose. If it could be reopened for one purpose, it might be argued that it could be reopened for all purposes.

In *Owen* v. *Owen,* 157 Va. 580, 162 S. E. 46, Mr. Justice Hudgins makes a critical review of the effect of a final decree in equity. It is stated therein to be well settled that, in a divorce suit, a court of equity has no power to correct, alter or change the record where there has been a final adjudication, after the adjournment of the term, and the fact that the parties consent thereto gives the court no such authority, as consent cannot confer jurisdiction.

The power of a court to award and control the allowance of alimony in divorce proceedings, both before and after a final decree has been granted, has been definitely and clearly settled in three recent Virginia cases: *Brinn* v. *Brinn,* 147 Va. 277, 137 S. E. 503; *Gloth* v. *Gloth,* 154 Va. 511, 153 S. E. 879, 71 A. L. R. 700; and *Capell* v. *Capell,* 164 Va. 45, 178 S. E. 894.

In the *Brinn Case, supra,* the wife was awarded a divorce from the bonds of matrimony, and her husband was directed to pay to her a certain sum in monthly instalments. The decree awarding the divorce was dismissed from the docket without any reservation as to the amounts of alimony to be thereafter paid. Two years after the final decree, the former husband, alleging a change in his circumstances and the difficulty of paying the amount of alimony allotted to his former wife, filed in the original suit a petition praying for a modification of the decree, and for a decrease in the amount of alimony to be paid thereunder. There was a demurrer to the petition on the ground that the divorce was a final decree, over which the trial court had no further jurisdiction, or the power to alter or modify. The demurrer was

sustained by the trial court, and its ruling upheld by this court.

In an able and learned opinion by the late Mr. Justice Burks, which reviewed the authorities at length, it was held that neither the Virginia statute, nor the absence of such a statute, conferred upon a court of equity the power to modify a final decree awarding a divorce from the bonds of matrimony by changing the amount of alimony fixed by said decree, in the absence of a reservation in the decree, where there are no children to be provided for.

In *Gillispie* v. *Andrews, Judge,* 78 Cal. App. 595, 248 P. 715, it was held that an order made more than six months after the entry of a final decree of divorce, purporting to modify it as to alimony, on which subject it was silent, is void, notwithstanding the stipulation of the parties to confer a jurisdiction on the court which is not given by law.

"It is not within the power of litigants to invest a court with any jurisdiction or power not conferred on it by law, and accordingly it is well established as a general rule that, where the court has not jurisdiction of the cause of action or subject matter involved in a particular case, such jurisdiction cannot be conferred by consent, agreement, or waiver. So also if the court cannot try the question except under particular conditions or when approached in a particular way, the law withholds jurisdiction unless such conditions exist or unless the court is approached in the manner provided, and consent will not avail to change the provisions of the law in this regard." 15 C. J., pages 802, 806; *Shelton & Luck* v. *Sydnor,* 126 Va. 625, 102 S. E. 83.

"The jurisdiction of divorce causes is purely statutory (2 Bish. Mar. Div. & Sep., sec. 1231), and the court possesses no powers in such cases involving matters of property beyond those conferred by statute, with the exception of awarding alimony, which is an incident of divorce and based upon the doctrine of the husband's duty to maintain and support his wife." *Barnes* v. *American Fertilizer Co.,* 144 Va. 692, 130 S. E. 902, 906.

The defendant relies upon the cases of *Snead* v. *Atkinson*, 121 Va. 182, 92 S. E. 835, and *Echols' Ex'r* v. *Brennan*, 99 Va. 150, 37 S. E. 786, to sustain his contention that the original cause could have been reopened after the final decree by consent of all parties. In each of these two cases, it was held that a case dismissed from the docket because there had been no orders or proceedings taken therein within the statutory limitation, could not be reopened without the consent of all necessary parties. In neither of these cases had there been a full and complete hearing and adjudication on the merits, nor the powers of the court exhausted. These cases do not involve the vital questions in point in the divorce cause here, and may be readily distinguished from the present case.

Moreover, there is nothing in the record to show the consent of the plaintiff to the reopening of this cause. The agreement of December 11, 1933, was not such a consent, nor a consent to receive less than fifty dollars per month. At most, it could be offered only on the question of release of the defendant for his failure to pay the allotted amount, in enforcement proceedings therefor.

The subsequent decrees failed to show affirmatively on the face thereof that they were entered by consent, nor can a *nunc pro tunc* order supply the omission of such a requirement. Barton's Chancery Practice (3d Ed.) 446, 448.

We conclude that the trial court was without jurisdiction or power to reopen this case after the final decree of October 9, 1930, and that all of the decrees and orders, entered after the original cause was thereby concluded and stricken from the docket, are absolutely null and void. The action of the trial court in entering such subsequent decrees is annulled and reversed.

*Reversed.*