## CIRCUIT COURT OF FREDERICK COUNTY

Richard Allen Bosserman

v.

Mitchell Lee Newlin

April 22, 1970

By JUDGE ROBERT K. WOLTZ

On October 16, 1963, the plaintiff, an infant suing by his next friend, filed his Motion for Judgment against the defendant, also an infant, for damages alleged to have resulted from the defendant's negligent operation of a motor vehicle in which the plaintiff was a passenger. The action was filed by a non-resident attorney who associated a local counsel. Within several days, service of process was had upon a member of the defendant's family at his usual place of abode, he then being in another jurisdiction as a member of the Armed Forces. No further action took place until April 7, 1965, when grounds of defense tendered by the defendant were ordered filed and were filed forthwith. As the result of notices of a motion for leave to withdraw as counsel, plaintiff's resident counsel was granted such leave pursuant to Rule 1:13 of the Rules of Court by order entered July 18, 1966.

After proper notice by the Clerk to the plaintiff's remaining (nonresident) counsel and counsel for the defendant, the action was dismissed by general order of September 16, 1968, under the "two-year rule" of § 8-154, Code, 1950, without appearance or objection on the part of either party.

On September 8, 1969, there was filed in the Clerk's Office the draft of an order reciting that upon plaintiff's motion for reinstatement pursuant to such § 8-154 it was ordered that the matter be placed upon the docket to be

heard on such motion on November 4, 1969 (the November Motions Day of this Court), and such order was entered October 10, 1969. On that Motions Day the plaintiff appeared in person and by his new counsel, as did counsel for the defendant, to argue the matter. The defendant argued that under § 8-154 the actual order of reinstatement must have been entered no later than September 16, 1969, that is within one year from the September 16, 1968, order of dismissal, and that the mere filing of a motion for reinstatement within one year, in this case by a margin of eight days, was not compliance with the statute and as a consequence no reinstatement should be allowed. The defendant further argued that if there was to be a reinstatement good cause therefor must be shown.

In response to the second contention of the defendant, the plaintiff testified that he was nineteen at the time of the accident, twenty at the time action was instituted, entered the Armed Forces in May of 1965 (which was approximately one month after the grounds of defense were filed) in the course of which he spent eighteen months in Germany being discharged in May of 1967, when he returned to Virginia briefly and then moved to the District of Columbia where he was married in December of 1967, after which for a time he was busily engaged in setting up housekeeping and the like.

Under the provisions of § 8-154 it is discretionary with a trial court in which a case has been pending for more than two years without any order or proceeding therein excepting continuances to order it stricken from the docket, "and it shall thereby be discontinued." This statute provides for notice to the parties before entry of such an order so that they may be heard on the matter. The portion of the statute principally involved in this case is as follows: "Any case dismissed under the provision of this section may be reinstated, on motion, and after notice to the parties in interest if known or their counsel of record, within one year from the date of such order but not after." Both *Snead v. Atkinson*, 121 Va. 182 (1917), and *Echols v. Brennan*, 99 Va. 150 (1901), are authority that a decree striking a cause from the docket is a final adjudication that everything has been done in the case that the court expects to do, the first named case holding this to be true even though the decree removing from the

docket may have been erroneous, the error making the decree no less final. In both of those cases efforts to reinstate were initiated a matter of some years after the expiration of the one-year limitation on reinstatement. In *Miller v. Armentrout*, 196 Va. 32 (1954), the case had been dismissed October 22, 1951, and motion for reinstatement was made November 24, 1952, the trial court allowing the reinstatement over the defendant's objection that "motion for reinstatement was not made within the time prescribed by statute." The Supreme Court of Appeals decided the case on other grounds and specifically declined to rule on this particular point. No case in this jurisdiction has come to my attention where application for reinstatement was made within the prescribed limit of one year from the time of dismissal, but the order of reinstatement based on such application fell beyond the one-year limitation.

The provisions § 8-154 for striking somnolent cases from the docket is a salutary one for stirring parties to action in progressing the case, or in default of that clearing dead wood from the docket, and in practice is frequently resorted to by trial courts in this jurisdiction to expedite the administration of justice and reduce the size of dockets needlessly burdened with inactive cases. Though salutary, the rule is attendant with some severity and in mitigation of this the legislature in its wisdom has seen fit to provide a grace period in which the involuntary discontinuance resulting from the operation of the statute may be terminated by reinstatement of the case. The result of a reinstatement would seem to be a setting aside of the judgment of the court in dismissing the case previously. Where there has been an involuntary dismissal, the general rule is that the judgment of dismissal may be set aside on timely application, and in many jurisdictions only on a showing of good cause, 24 Am. Jur. 2d, *Dismissal, Discontinuance, Non-suit*, § 88. If under our statute only the application for reinstatement need be made within the one-year period, then admittedly it was timely made.

Examining the precise words of the statute the phrase "within one year from the date of the order" can be construed to modify either "may be reinstated" or to modify the phrase "on motion." The phrase "and after notice to

the parties in interest if known or their counsel of record" intervening between the phrase "on motion" and the phrase "within one year of the date of such order" is merely descriptive of a preliminary procedural step which must be taken prior to the motion and is not otherwise germane to the question of the time limit. Omitting this phrase, which is unrelated to the time limit, from this sentence it would then read "Any case dismissed under the provisions of this section may be reinstated, on motion within one year from the date of such order but not after." The year limitation then modifies the time of motion rather than the reinstatement. Furthermore and as a corollary to the foregoing dissection of sentence structure, if a one-year time limitation refers to the reinstatement, then the phrase containing such provision would properly follow immediately the introductory clause on reinstatement and the provisions concerning motion and notice could either conclude or introduce the sentence and in either event would be unrelated directly to the time limitation.

Though resort to considerations of grammar and logical composition in the placement of words and phrases within a sentence is not always a true touchstone in divining legislative intent, use of this method is a frequent and at times an indispensable means of casting light to disperse shadows of doubt and ambiguity. It is even a more potent aid when the grammatical construction reached reveals an intent which accords, as I think it does, with the general purpose and object of a statute.

As noted above, the statute is salutary to the administration of justice. In attaining its object there is some severity in its discontinuance provisions, and the subsequent provision on reinstatement is clearly for the purpose of softening the harshness of any results effected by the preceding portions of the statute. In affording this palliative to a party in a case so stricken it is not consonant with that purpose to say the party must be held *strictissimi*, after necessary prerequisites of both motion and notice, to having actual entry of an order of reinstatement within the one-year limit, but at the same time leave him subject to the vagaries of court calendars, availability of judges, local and varying rules and practices or customs of court and other such

matters which may be beyond his control. As the statute does hold a party seeking reinstatement very strictly, and it should of right, to the performance of an act within the required time, then more consistent to its latter palliative purpose is that the act which he must perform be one the performance of which is largely under his control in relation to the time allotted for it. The filing and giving notice of motion for reinstatement within the time limit fits this consistency far more readily than does obtaining within that time entry of an order which can come only after such filing and notice.

I am not unmindful that Rule 3:21 of the Rules of Court, stating that all final judgments remain under the control of the trial court and subject to be modified or vacated for twenty-one days after date of entry and no longer, has been interpreted to imply strict compliance and that the mere filing of a motion or other paper in the Clerk's Office is not compliance but that there must be the entry of an order modifying or vacating entered within such time limit. *Harvey v. Chesapeake & Potomac Tel. Co.*, 198 Va. 213 (1956). The intent and purpose of that rule is "the expeditious final determination of all litigation," and so generally is the statute at hand. The so-called final judgment under § 8-154 remains inchoate in that it may be superceded by a later order of reinstatement, and though the judgment under the Rule likewise may be considered inchoate for twenty-one days, there is a definite distinction between the judgments otherwise. The type of judgment contemplated by the Rule is one which has disposed of the case on all issues of procedure or fact raised by the pleadings and is fully dispositive of the rights of the parties absent an appeal. The prevailing party should not have the fruits of such a judgment postponed or denied him save by a modifying or vacating order entered in strict compliance with the purposely short time limit set by the Rule, or by procedurally correct steps for appeal with the protection and safeguards specifically provided by law for the prospective appellee during the interim before which it is determined whether the final trial judgment is correct. But the order striking from the docket and effecting a discontinuance under the statute is simply a discontinuance which term of necessity implies that the rights of the parties, or at least not

all of them, have not been disposed of. What is postponed or denied to the litigant is not his right as judicially determined and embodied in a judgment, using that term in its precise and technical sense, but his procedural right to have determined judicially his rights raised under the pleadings and presented by the evidence. This postponement or denial under the statute may of course become permanent in the absence of timely action for reinstatement of the matter. It is also significant that the statute uses the term "order" throughout rather than the word "judgment."

It is well known that in most cases defendants are not averse to such discontinuances becoming permanent, being with ample justification more willing to sacrifice their right to an expeditious judicial determination of a case than to insist on the right to have such issues resolved. Argument is made that the entry of an order after expiration of the one-year period on the basis of a motion made prior to that expiration can result in further delay in getting at the merits of the case should the plaintiff not diligently prosecute his motion for reinstatement. The answer is that the defendant under well recognized procedures can easily force the plaintiff to bring the matter of reinstatement to a head or suffer the consequences, just as the defendant during the nearly five years in which the case was previously on the docket could likewise have forced the plaintiff to proceed to trial and final judgment. This the defendant was unwilling to do and would likely be so again,for good and practical reasons, but he had the right to do so and the fact that it would perhaps have been unwise to insist on the right is simply one of the consequences implicit in being a defendant.

It should be noted that the sentence under consideration as it existed in the predecessor to § 8-154 when *Snead v. Atkinson, supra,* was decided (§ 3312, Code of 1904) by its structure lends some support to the position taken by the defendant. Nevertheless, the problem here is the accommodation of two principles of jurisprudence seemingly opposed at times to one another: First, that the disputes of litigants be decided on actual hearing and judicial determination of the issues, and second, that litigation be terminated and laid to rest without

excessive delay. Section 8-154 is equivocal in the sense that these principles may be in conflict and that its purpose is to accomplish both of them. What the fore part of the statute does to advance the second principle is made subject to cancellation by the succeeding portion which reopens the possibility for advancement of the first principle. The statute could very well have advanced the second principle only but instead made it subservient to the possible effectuation of the first mentioned principle. The legislature having done this, for the purpose of this statute an intent is discernible to favor full resolution of disputes on the issues presented over the policy of bringing litigation to a conclusion. In view of the statute, for one year after the order removing a case from the docket thereby effecting a discontinuance, the case is not dead but in a state of suspended animation. In my opinion the statute does not require that the case within the year must be restored to the docket and full-blown life by entry of an order, but only that it be stirred perceptibly toward renewed activity by application within the year requesting its full restoration which may be accomplished by order entered after the expiration of the year. As mentioned above, the general rule is that timely application is required to set aside an involuntary dismissal, and not necessarily the timely entry of an order setting aside the dismissal.

The defendant also argues that no reinstatement can be had without good cause shown. A sketch of the evidence heard on this point appears above. However, I find nothing in the statute which supports this contention. Good cause for reinstatement or good cause against reinstatement does not seem to have been in the mind of the legislature, but in my view the only prerequisites for an order of reinstatement are a timely application and due notice thereof.

For the foregoing reasons the motion of the plaintiff for reinstatement is sustained.