# CIRCUIT COURT OF THE CITY OF WAYNESBORO

Charles C. Cook .

v.

Donna M. Wayland

April 26, 2004

BY JUDGE HUMES J. FRANKLIN, JR.

Pursuant to the jurisdiction and discretion of this Court, as well as the inherent principle favoring the full resolution of legal disputes rather than the termination of dormant litigation in Virginia, Charles Cook's Motion to Reinstate his personal injury action against Donna Wayland is granted. Thus, the case of Cook v. Wayland, is hereby restored to the docket of this Court and may proceed hereafter.

The facts of this case are straightforward. On June 9, 2003, Defendant filed a Motion to Dismiss the personal injury suit initiated by Plaintiff in April 2001. According to Defendant's motion, the case had been dormant in excess of two years as a consequence of Plaintiff's own inaction. Thus, pursuant to Virginia Code § 8.01-335(A), Defendant requested the case be stricken from the docket. Finding evidence in support of Defendant's claims, this Court granted Defendant's motion on June 17, 2003. No further action was taken by either party. Hence, on July 8, 2003, twenty-one days after June 17, 2003, this Court's order became final. Va. Sup. Ct. Rule 1:1. Then, on February 5, 2004, nearly eight months after the issuance of the order dismissing his case, but within the statutory period for reinstating a formerly dismissed case under Va. Code Ann. § 8.01-335(A), Plaintiff filed his Motion to Reinstate his case against Defendant.

In opposition to Plaintiff's Motion to Reinstate, Defendant argues Rule 1:1 of the Virginia Supreme Court effectively terminated the jurisdiction of this Court twenty-one days after entry of its Dismissal Order. As a result, this Court does not have the authority to grant Plaintiff's request. However, Plaintiff argues the dormant dismissal statute trumps the twenty-one day rule and therefore the case may be reinstated.

The issue presented by Plaintiff's Motion to Reinstate is whether this Court retained its jurisdiction to reinstate the proceeding despite its June 17, 2003, order dismissing the case with prejudice which became final twenty-one days thereafter and thus precludes further modification thereof, pursuant to Rule 1:1 of the Virginia Supreme Court. Consequently, this Court must resolve the apparent conflict between the Commonwealth's statute and the Supreme Court's stringent rules guiding civil procedures in its courts.

Virginia Code § 8.01-335 explicitly grants a judge the discretion to order a pending proceeding struck from the docket if the judge finds that it has been dormant for more than two years. A trial court *may* discontinue the case if it feels the plaintiff does not intend to proceed with it. *Nash v. Jewell*, 227 Va. 230, 234, 315 S.E.2d 825, 827 (1984). If, within one year from the date of the order dismissing the case, a party to the dormant proceeding files a motion to reinstate the case with the dismissing court, then such relief may be granted. Va. Code Ann. § 8.01-335(A) (2004). The statute serves to discontinue the proceeding which acts like a nonsuit in that it closes the action but does not prohibit subsequent litigation for the same cause. *Payne v. Buena Vista Extract Co.*, 124 Va. 296, 98 S.E. 34 (1919).

When faced with a rule and statute that appear to conflict, a court should reconcile the discord between the two. The Virginia Supreme Court has not applied a precedent favoring its rules to those of the General Assembly, or vice versa. Therefore, Virginia statutes and court rules must be applied harmoniously. *Cilman v. Virginia State Bar*, 266 Va. 66, 72, 580 S.E.2d 830 (2003), *quoting Clark v. Butler Aviation*, 238 Va. 506, 512, 385 S.E.2d 847, 850 (1989).

The provisions of Va. Code Ann. § 8.01-335 seem to contradict the Commonwealth's twenty-one day rule. Rule 1:1 of the Virginia Supreme Court (codified at Va. Code Ann. § 8.01-428) entrusts a trial court with control over all judgments, rulings, or orders of the court for twenty-one days from the dates of entry but no longer. Upon the passage of the statutorily prescribed period without further action by the court or parties to proceedings, the judgments, rulings, or orders become final and the trial court is divested of jurisdiction to alter or vacate them thereafter. Va. Sup. Ct. Rule 1:1. Although the strict time limitation established in Rule 1:1 of the Supreme Court Rules appears to be incongruous with the latitude provided dormant cases in Va. Code Ann. § 8.01-335, in fact, the two statutes are compatible by virtue of their shared purpose: to expedite litigation.

Judge Woltz tackled the reconciliation of Rule 1:1 and Va. Code Ann. § 8.01-335 in *Bosserman v. Newlin*, 10 Va. Cir. 477 (Frederick County,

1970). In that case, Circuit Court Judge Robert K. Woltz noted the final judgment rule applies to judgments that have fully disposed of all issues of procedure or fact raised by the parties in their pleadings and "is fully dispositive of the rights of the parties absent an appeal." *Bosserman*, 10 Va. Cir. at 481. Conversely, § 8.01-335 of the Virginia Code applies to inactive, unresolved cases and serves to remove such burdensome litigation from the already inundated dockets of the Commonwealth's trial courts. An order entered by a circuit court pursuant to the authority granted in Va. Code Ann. § 8.01-335 does not address the validity of the pending litigation, nor does it resolve outstanding issues of law or fact. Rather, Va. Code Ann. § 8.01-335 provides a judge the authority to remove outstanding litigation from his or her docket if it is determined that the plaintiff lacks the intent or desire to pursue his or her claim.

However, the Commonwealth's General Assembly recognizes that the interests of its citizens are best served by the full yet expeditious resolution of outstanding litigation. Thus, the General Assembly included a one year grace period in its dormant dismissal statute to provide parties to dismissed proceedings the opportunity to reinstitute their claims. Whereas a case extinguished by a judgment and effectuated by the twenty-one day rule is fully dispositive of all disputed issues and facts pertaining thereto, a case dismissed pursuant to Va. Code Ann. § 8.01-335 is "not dead but in a state of suspended animation." *Bosserman*, 10 Va. Cir. at 483. Consequently, the two-year statute affords those parties to dismissed proceedings the opportunity to be heard and have their disputes resolved by the legal system if requested within the statutorily mandated period of time in order to promote the principles of justice without clogging the already inundated dockets of Virginia's courts.

In light of the aforementioned accommodation of the final judgment and dormant dismissal statutes, Plaintiff's motion to reinstate should be granted. This Court used its discretion to grant Defendant's Motion to Dismiss in June 2003, following two years of inactivity in the case and a reasonable determination that Plaintiff did not intend to pursue his action against Defendant. That dismissal order became final in July 2003. However, by virtue of Plaintiff's compliance with the provision contained in Va. Code Ann. § 8.01-335(A), permitting discontinued cases to be reinstituted on motion within one year from the date of a dismissal order, Plaintiff's Motion to Reinstate his claim against Defendant may be granted without offending the strict final judgment rule. In light of this ruling, Plaintiff and Defendant should be mindful of all future dates pertaining to this case and work diligently to meet all deadlines in a timely and expeditious manner.