# CIRCUIT COURT OF NOTTOWAY COUNTY

Carolyn E. Wingo

v.

Judith R. Goldnetz

January 6, 2006

Case Nos. CL00-74, CL05-69

BY JUDGE THOMAS V. WARREN

The operative facts on the Motion to Reinstate in Case No. CL00-74 and the Plea of the Statute of Limitations in Case No. CL05-69 are not in dispute.

The accident and injury alleged occurred November 10, 1998. The Motion for Judgment in Case No. CL00-74, Suit 1, was filed November 9, 2000. The suit was dismissed on August 27, 2004, under Virginia Code § 8.01-335(B). Plaintiff filed a Motion to Reinstate on August 26, 2005. Although the last sentence of § 8.01-335 is difficult to parse, it is my opinion that the case must be reinstated within one year in the Court's discretion, not that a motion filed within one year automatically institutes a reinstatement. The use of the permissive "may" in that sentence is instructive as well as the phrase "but not after." In addition, the obvious intent of the Statute is thwarted if a dilatory plaintiff is afforded a right to reinstate simply by filing a motion after inactivity exceeding three years. In my opinion the dismissal was with prejudice and final.

The second personal injury suit, Case No. CL05-69, was filed on July 21, 2005. Upon the Court's ruling that the first suit was dismissed with prejudice, it is clear that the second suit was filed outside the two-year limitations.