# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Celeste Gittens

v.

Virginia Employment
Commission,
Matsushita Corporation,
and Americaid, Inc.

January 25, 2010

Case No. (Civil) CL09-2599
(consolidated with CH04-513)

BY JUDGE JOHN W. BROWN

On January 6, 2010, came the plaintiff by counsel and the Virginia Employment Commission by counsel and presented argument regarding the issue before the Court: does Virginia Code § 8.01-335(B) allow reinstatement of a case dismissed under that code section to be reinstated based solely upon the filing of a motion within the one year limitation period, or does a court order of reinstatement have to be entered within that time frame?

The position of the plaintiff is that, as long as notice is given and the motion for reinstatement is filed within one year of the date the dismissal order was entered, then the aim of the statute has been met.

The defendant, Virginia Employment Commission ("VEC"), urges that the purpose of the statute is to move cases along on the Court's docket and allowing reinstatement without an order thwarts that objective.

*Procedural History*

The Court, in this instance, signed an Order discontinuing the case of *Gittens v. V.E.C. et al.*, CH04-0513, on November 5, 2008, pursuant to Virginia Code § 8.01-335(B). The plaintiff filed a Motion for Reinstatement on November 3, 2009, setting forth the reason that the action languished on the court's docket for four years and notifying all parties with a copy of the Motion. The Order for Reinstatement was not received from the plaintiff until November 10, 2009, under separate cover.

The Court entered the Order for Reinstatement on November 19, 2009. The Court received the response of the VEC to the Motion for Reinstatement on November 24, 2009. After a phone conference on December 10, 2009, with counsel, the Court vacated the Reinstatement Order of November 19, 2009, to give the parties time to appear and argue the validity of the motion for reinstatement without having the 21 day period of Rule 1:1 expire before an agreeable date could be set.

The plaintiff relies on *Bosserman v. Newlin*, 10 Va. Cir. 477 (1970), and the reasoning therein, while the defendant submits the answer lies in *Wingo v. Goldnetz*, 71 Va. Cir. 11 (2006), and *Siford v. Cooley*, 17 Va. Cir. 73 (1989).

*Analysis*

The Court begins its review by looking at the code section in question:

> Any court in which is pending a case wherein for more than three years there has been no order or proceeding, except to continue it, may, in its discretion, order it to be struck from its docket and the action *shall thereby be discontinued.* The court may dismiss cases under this subsection without any notice to the parties. The clerk shall provide the parties with a copy of the final order discontinuing or dismissing the case. Any case discontinued or dismissed under provisions of this subsection *may be reinstated, on motion,* after notice to the parties in interest, if know, or their counsel of record within one year from the date of such order but not after.

Va. Code § 8.01-335(B) (emphasis added).

The meaning of the statute as stated in *Nash v. Jewell*, 227 Va. 230, 315 S.E.2d 335 (1984), is to allow courts to eliminate cases from their dockets for which there is no reasonable prospect of trial.

In reading the cases submitted by the defendant, the Court found the analysis to be brief and succinct. In *Wingo*, the court focused on the permissive wording of the statute, specifically the legislature's use of the word "may" versus "shall," as well as the phrase "but not after." 71 Va. Cir. at 11. In *Siford*, the court focused on the absence of the word "commenced" (within one year) and found that the word "reinstated" was a specific word chosen by the legislature to convey the requirement that the action must be reinstated within the one year period, presumably by order of the court. 17 Va. Cir. at 74.

In *Bosserman*, however, the court dealt with what is now known as subsection A of 8.01-335, rather than Section B. 10 Va. Cir. at 477. It is a distinction without a difference because both sections today state that "[a]ny case discontinued under the provision of this subsection may be *reinstated on motion* after notice to the parties in interest, if known, or their counsel of record, *within one year* from the date of such order, but not after." *See* Va. Code § 8.01-335.

The court, in *Bosserman*, considered the few Virginia Supreme Court cases that have tangentially dealt with the issue at hand, but, in the end, felt that the above quoted language of the statute merely requires the motion to be filed (after notice) within one year of the dismissal (or discontinuance) order. 10 Va. Cir. at 483.

The court in *Bosserman*, like this court, found that to require entry of an order within the one year time period allowing reinstatement leaves the moving party "subject to the vagaries of court calendars, availability of judges, local and other such matters which may be beyond his [or her] control." *Id.* at 480-81.

Judge Woltz explained that the statute does not actually dismiss the case but rather puts it in a state of "suspended animation," allowing it to be "stirred perceptibly toward reviewed activity by application within the year." *Id.* at 483.

Likewise, this Court finds that the language of the statute allows "reinstatement on motion" and such reinstatement is valid even if the order is entered after the expiration of the one year period.

The language quoted above aside, this Court finds that the use of the word "discontinued" provides for a case's resumption on the docket upon motion. The statute does not provide for a hearing or a showing upon "good cause" for reinstatement, but merely "on motion." This absence

may be the result of the legislature's decision that it behooves society to have existing and filed claims resolved on the merits at trial or by agreement of the parties themselves, rather than by operation of a statute.

Indeed in *Nash v. Jewell*, the Court restated the following: "As a general rule, if a plaintiff who is ready and willing to go to trial is brought before the Court under the provisions of § 8.01-335 and demonstrates an intent to proceed with his case, the Court should not discontinue his action." 227 Va. at 235-36, 315 S.E.2d at 338.

In *Cook v. Wayland*, 64 Va. Cir. 386 (2004), the court, in granting reinstatement of the case pursuant to Virginia Code § 8.01-335(A), stated as follows:

> Consequently, the two year statute affords those parties to dismissed proceedings the opportunity to be heard and have their disputes resolved by the legal system *if requested* within the statutorily mandated period of time in order to promote the principles of justice without clogging the already inundated dockets of Virginia's courts.

*Id.* at 388 (emphasis added).

While *Nash* involved the two year rule of subsection A, this Court finds in this case that a good faith reason existed for the delay and that the plaintiff now intends to promptly pursue this matter.

In the present case, the Court sees that a precise, typed Petition for Review was timely filed by Ms. Gittens, acting *pro se*, on May 21, 2004. The Answer and Record of the Proceedings were promptly filed by the VEC, but thereafter no actions were taken by either party with regard to the appeal. No separate responses or even acknowledgments were made by Matsushita Corporation or Americaid, Inc., co-defendants in this action.

In the Motion for Reinstatement filed, the plaintiff, through counsel, explained that since she was previously acting *pro se*, she was unaware of the circuit court procedure requiring her to schedule a date for trial and therefore the case "sat on the docket" without activity. The Court finds it is reasonable for a non-attorney to await notice from the Court as to the next steps in a case when she previously received similar instructions from the VEC in the underlying matter.

In light of the above, the Court grants the Motion for Reinstatement.