# CIRCUIT COURT OF GREENSVILLE COUNTY

Hartford Fire Ins. Co.

v.

Grayson Mitchell, Inc.

## Case No. CL03-5187

BY JUDGE W. ALLAN SHARRETT

February 25, 2010

This matter was filed by the plaintiff on March 6, 2003, in the Circuit Court for the City of Richmond. By Consent Order dated July 3, 2003, venue was transferred to the Greensville County Circuit Court; the Greensville Clerk received the file on July 11, 2003. For a period of some five years afterward, the file evidences no action, order, or proceeding. On May 21, 2008, there having been no actions or proceeding for more than three years, the court ordered the case stricken from the docket pursuant to Va. Code § 8.01-335(B).

This statute requires the clerk to "provide the parties with a copy of the final order discontinuing or dismissing the case." The clerk, however, did not do so; and the plaintiff did not learn of the dismissal until January 7, 2010. By that time, the case had been dismissed for one year, eight months, far beyond the statutory one-year period allowed for reinstatement of the matter.

By letter dated January 22, 2010, received by the court on January 29, 2010, the plaintiff requested that the court: (1) declare the May 21, 2008, Order void, and (2) reinstate the case on the docket.

Four points are in order:

1. The order is not void, but is a valid one entered by the court in compliance with § 8.01-335. The fact that a copy of the order was not

subsequently provided to the parties does not render void an order otherwise valid at the time of its entry.

2. Notwithstanding the validity of the order, the clerk's non-compliance with the notice requirement of § 8.01-335(B) deprived the plaintiff of the opportunity to timely petition for reinstatement.

3. Hence, the remedy consistent with the statute is to consider the plaintiff's January 22, 2010, letter to be a timely petition for reinstatement.

4. The statute provides that the court *may* reinstate the matter on the docket; it does not mandate that it do so. Given the lapse of greater than six and one-half years without any action in the case, the court is not prepared to grant the motion without hearing evidence or representations explaining this inordinate delay.

The plaintiff may schedule a hearing date prior to July 3, 2010. Otherwise, the Court will consider the matter ended.

## May 19, 2010

Plaintiff in the above referenced matter petitioned the Court to reinstate the case on its docket, the Court having previously dismissed it pursuant to Code § 8.01-335(B) by order dated May 21, 2008. As stated in the Court's letter opinion dated February 25, 2010, the order of dismissal was not void, as the fact that the Clerk did not subsequently provide a copy of the order to the parties does not render void an order otherwise valid at the time of its entry. However, because Plaintiff was deprived of the opportunity to timely petition the Court for reinstatement, the Court considered Plaintiff's January 22, 2010, letter to the Court to be a timely petition and instructed counsel to schedule a hearing on the petition. On May 13, 2010, the Court heard argument by counsel on Plaintiff's petition for reinstatement and took the matter under advisement. The Court denies Plaintiff's petition for the following reasons.

On May 21, 2008, the Court dismissed the above referenced matter pursuant to the following statutory provision:

> Any court, in which is pending a case wherein for more than three years there has been no order or proceeding, except to continue it, may, in its discretion, order it to be struck from its docket and the action shall thereby be discontinued. The court may dismiss cases under this subsection without any notice to the parties. The clerk shall provide the parties with a copy of the final order discontinuing or dismissing the case.

> Any case discontinued or dismissed under the provisions of this subsection may be reinstated, on motion, after notice to the parties in interest, if known, or their counsel of record within one year from the date of such order but not after.

Va. Code § 8.01-335(B) (2007).

The plain language of the statute provides that the Court may only reinstate a case dismissed under this provision "within one year from the date of such order but not after." *Id.* As more than one year has passed since the Court entered the order of dismissal, the Court simply is without authority to reinstate the case.

This conclusion is supported by the Supreme Court case of *Snead v. Atkinson*, in which the Court considered the question "What then is the effect of striking a case from the docket under [the prior version of Va. Code § 8.01-335(B)]?" *Snead v. Atkinson*, 121 Va. 182, 186, 92 S.E. 835, 836 (1917). In addressing the issue, the Court restates the rule from *Echols's Executor v. Brennan*, 99 Va. 150, 37 S.E. 786 (1901):

> In [*Echols's Ex'or.*], it was expressly determined that a cause stricken from the docket under that statute cannot be reinstated after the lapse of one year, except by consent of all parties. In that case, all of the parties except one had consented, but this court held that all of the decrees entered after the cause was dismissed from the docket were void and that the lower court had no jurisdiction to enter them. It was also held that a decree striking a cause from the docket is an adjudication that everything has been done in the cause that the court intends to do. The decree may be erroneous, but the error does not render it less final, and the court having by its order put the cause beyond its control, cannot upon a discovery of error recall it in a summary way and resume a jurisdiction which has been exhausted.

*Snead*, 121 Va. at 186, 92 S.E. at 836-37.

This same logic applies to the instant case; the Clerk's actions may have been erroneous in his failure to provide the parties with a copy of the dismissal order, but the error does not render the dismissal order any less final. The Court put the cause beyond its control, and it cannot, upon discovery of the error, reinstate the case and resume a jurisdiction that has

been exhausted. Thus, the Court is without jurisdiction to act on the case and, therefore, denies Plaintiff's petition for reinstatement.

The Court would be remiss if it did not state that, even if it had jurisdiction over this matter, its ruling would be the same. The Code permits the court to use its discretion in deciding whether to grant a petition for reinstatement. "Any case discontinued or dismissed under the provisions of this subsection *may* be reinstated, on motion. . . ." Va. Code § 8.01-335(B) (2007) (emphasis added). Plaintiff filed this case in the Circuit Court for the City of Richmond on March 6, 2003, and Defendant filed grounds of defense and a motion to transfer venue to this Court on or about March 21, 2003. The Richmond court entered a consent order on July 3, 2003, transferring the case to this Court. After nearly five years of the parties' taking no action on the case, the Court entered the dismissal order on May 21, 2008. Plaintiff learned of the dismissal on January 7, 2010, and wrote the Court on January 22, 2010, to request that the Court reinstate the case on the docket. Therefore, Plaintiff took no action on the case from July 3, 2003, to January 22, 2010, a period of over six-and-one-half years. The newest evidence in the case is dated January 30, 2003, and thus is over seven years old, and the oldest evidence is dated August 9, 1994, and thus is almost sixteen years old. Plaintiff's delay is inordinate and inexplicable. Thus, even if the Court were acting within the one-year timeframe to reinstate the case and therefore had jurisdiction to act on the matter, it would deny Plaintiff's petition for reinstatement.

For the foregoing reasons, the Court denies Plaintiff's petition for reinstatement.