MAY A. CHADBOURNE *vs.* JAMES P. CHADBOURNE.

Suffolk.     March 29, 1923. — May 25, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, PIERCE, & CARROLL, JJ.

*Superior Court. Jurisdiction. Marriage and Divorce,* Alimony, Report by judge in divorce proceedings.

The Superior Court has jurisdiction and power under G. L. c. 208, § 34, to enter a decree for alimony upon a petition filed on March 7, 1922, by a libellant, who on October 8, 1916, upon a petition filed on April 8, 1913, had been granted a decree *nisi* of divorce on the ground of desertion, the judge at the time of the ordering of the decree *nisi* having " made no order for alimony because of the fact that the libellee's earning capacity was not before the court," and having " stated in open court that he would hold the matter open until such facts were brought to his attention."

Upon a report of a judge of the Superior Court reserving for determination by this court only the question, whether he was right in refusing to rule that he had no power to grant the petition for alimony above described, it is not open to the libellee to contend that the libellant had been guilty of laches.

LIBEL, filed in the Superior Court on April 8, 1913, for divorce on the ground of desertion. The libel contained a prayer for alimony.

The libel was heard by *Raymond, J.,* by whose order a decree *nisi* was entered on October 8, 1914, no order for alimony being made " because of the fact that the libellee's earning capacity was not before the court," the judge stating " in open court that he would hold the matter open until such facts were brought to his attention."

On March 7, 1922, a formal petition for alimony was filed, which was heard by *Raymond, J.,* who on November 28, 1922, " under and by authority of G. L. c. 208, § 34, or the common law covering said action," ordered the entry of a decree directing the immediate payment of $100 and $6 per week thereafter and reported the libel to this court for determination of the correctness of his refusal to rule " that the court had no power to make such an order as was made on November 28, 1922, under and by authority of G. L. c. 208, § 34, or common law covering said action," judgment to be entered " on the finding " if the ruling was right, and, if it was erroneous, " the ruling or finding to be reversed."

*W. J. Patron,* for the libellee.

No counsel appeared for the libellant.

DeCourcy, J. The only question raised by the report is whether the Superior Court had the power to make the order for payment of alimony which was entered November 28, 1922. The original libel contained the usual prayer for the allowance of an amount deemed necessary for the suitable support and maintenance of the libellant. When a decree *nisi* was granted on October 8, 1914, " the presiding justice made no order for alimony because of the fact that the libellee's earning capacity was not before the court, but stated in open court that he would hold the matter open until such facts were brought to his attention." The decree in question was entered after a hearing on a formal petition for alimony, which was filed March 7, 1922.

It is expressly provided by G. L. c. 208, § 34, that " Upon a divorce, or upon petition at any time after a divorce, the superior court may decree alimony to the wife . . . ;" and, under § 37, the decree may be revised and altered by the court, from time to time, upon the petition of either party. This power to decree alimony to the wife " when a divorce is decreed for any cause," has existed in the court since St. 1873, c. 371, § 7. See Pub. Sts. c. 146, §§ 36, 39; R. L. c. 152, §§ 30, 33; *Burrows* v. *Purple,* 107 Mass. 428. As was said in *Parker* v. *Parker,* 211 Mass. 139, 141, the language of the statute " plainly permits that the alimony may be asked at a time after an affirmative decree upon the original libel." The court had jurisdiction when the decree *nisi* was granted, and apparently the parties were still residents of Suffolk County in this Commonwealth when the decree of November 28, 1922, was entered. The record does not disclose the entry or terms of any absolute decree for divorce (see G. L. c. 208, § 21): but in any event the doctrine of *res judicata* is not applicable, because the question of alimony not only was not litigated but was expressly reserved by the court as above stated. The libellee also urges that the libellant was guilty of laches. That question however is not open to him on this report.

The ruling of the court was right; the exceptions thereto must be overruled, and judgment entered on the finding.

*So ordered.*