# Richmond.

## BRINN V. BRINN.

### March 17, 1927.

1. ALIMONY—*Decree—Opening Final Decree for Purpose of Changing Amount of Alimony.*—The Virginia statute, section 5111 of the Code of 1919, does not authorize the reopening of a final decree for divorce *a vinculo* for the purpose of changing the amount of alimony fixed by such decree, when there are no children to be provided for.

2. ALIMONY—*Decree—Alteration or Modification—Section 5111 of the Code of 1919.*—No power is conferred by section 5111 of the Code of 1919 to revise or alter a decree for alimony where there are no children whose "care, custody and maintenance" is to be provided for.

3. ALIMONY—*Divorce—Power of Court of Equity to Modify a Decree for Alimony.*—In the absence of a statute conferring such power, and of any reservation in the decree, a court of equity has not the power to modify a final decree awarding a divorce from the bond of matrimony, and decreeing alimony to be paid in monthly instalments.

4. ALIMONY—*Divorce—Power of Court of Equity to Modify a Decree for Alimony.*—Both upon principle and authority where a decree grants an absolute divorce, and permanent alimony, though payable in instalments, is allowed, and there are no minor children to be cared for, and the decree contains no reservation of jurisdiction, and there is no statute conferring the power to modify, after the time for appeal has expired and the time limited by statute within which judgments may be modified has elapsed, and the judgment is not attacked upon the ground of fraud or mistake, there is no power in the court to modify or alter it to meet changed conditions.

5. ALIMONY—*Divorce—Reservation by Court of Right to Change or Modify Decree as to Alimony.*—In a final decree awarding a divorce *a vinculo* and decreeing alimony payable in monthly instalments, a court of chancery in Virginia, in the absence of statute, has the power by a reservation in the decree to change or modify its decree as to alimony to meet the changed condition of the parties.

6. JUDGMENTS AND DECREES—*Validity of Reservation in Decree—Conditions.*—It is common practice to make decrees subject to conditions to be accepted or acts to be performed by those to be benefited thereby—powers unknown to the common law. Reservations may also be made in the decree in favor of infants, and likewise to either

party, to apply for further relief, in order, for instance, to enforce the payment of future installments of an annuity.

7. JUDGMENTS AND DECREES—*Final Judgment and Decree—Decree Reserving Right to Change or Modify the Decree as to Alimony.*—When a court reserves power over a decree for alimony, to change or modify the decree to meet the changed condition of the parties, but to that extent only, the decree fixing the amount is not final. The reservation itself shows that the court has not completely and finally exhausted its jurisdiction over that subject.

8. ALIMONY—*Divorce—Reservation by Court of Right to Change or Modify Decree as to Alimony—Power of Court not Taken Away by Implication—Section 5111 of the Code of 1919.*—Notwithstanding that the statute, Code of 1919, section 5111, makes special provision for the revision and alteration of decrees in divorce cases, concerning the care, custody and maintenance of the children, and says nothing about changes in other cases, it is not to be inferred from this that the legislature intended, in such an indirect way, to take away from the courts of equity their inherent power to reserve the right to modify a decree for alimony to meet the changed conditions.

9. ALIMONY—*Divorce—Reservation by Court of Right to Change or Modify Decree as to Alimony—Further Orders Authorized by Law—Case at Bar.*—In the instant case a decree, after granting a divorce and alimony, concluded as follows: "And nothing further remaining to be done in this suit, it is further ordered that the same be removed from the docket, with leave reserved to the parties, or either of them, to make application to the court for such further orders as are authorized by law."

   *Held:* That the reservation in the decree did not reserve to the court jurisdiction to alter or amend its decree as to the amount of alimony. No other "further orders" "are authorized by law," except to enforce the decree.

10. JUDGMENTS AND DECREES—*Final Judgment and Decree—Reservation of Jurisdiction—Should be Explicit.*—A reservation of jurisdiction over a part of the subject of litigation only, or for a limited purpose, ought not to be left in doubt and uncertainty in the decree making the reservation. It ought to be clear and explicit. It is to the interest of the State that there should be an end of litigation, and when litigants have been fully heard, and the whole subject has been decided, including costs, and the case dismissed from the docket, that should be the end of it, and if it is claimed that further jurisdiction is reserved over the subject matter, or the parties, such reservation should be made to appear plainly.

Appeal from a decree of the Court of Law and Chancery of the city of Norfolk. Decree for defendant. Complainant appeals.

*Affirmed.*

The opinion states the case. .

*N. T. Green*, for the appellant.

*George C. Cabell*, for the appellee.

BURKS, J., delivered the opinion of the court.

It is admitted that the following statement, taken
from the petition for appeal, correctly sets forth the
facts:

"By a decree entered on the 17th of March, 1923, by
the Court of Law and Chancery of the city of Norfolk,
in the suit for divorce and alimony of Mary M. Brinn
(the appellee here) against George C. Brinn (the
appellant here), the said Mary M. Brinn was granted
and awarded a divorce *a vinculo matrimonii* from the
said George C. Brinn, and the latter was directed to
pay her as alimony, which was decreed to be a lien on
his real estate, the sum of $1,500 per annum, in monthly
installments of $125 each, until the death of said Mary
M. Brinn. At the foot of said decree and as a part
thereof is the following language:

" 'And nothing further remaining to be done in this
suit, it is further ordered that the same be removed
from the docket, with leave reserved to the parties or
either of them to make application to this court for
such further orders as are authorized by law.'

"On August 4, 1925, your petitioner, said George C.
Brinn, filed in said suit his petition praying for a
modification of said decree by decreasing the amount
of the alimony to be paid thereunder, and by the
insertion in said decree of some provision by which he
might be enabled to sell any real property which was
lessening in value and which he is now prevented from

selling because of the lien thereon for alimony created
by said decree, with some additional provision in the
event of any sales for securing the payment of any
alimony. Said petition set forth, as reasons for the
relief prayed for by it, the changed conditions in the
financial state of your petitioner as follows: That the
real property owned by him at the time of said decree
had decreased greatly in value since said time, and the
income accruing therefrom had greatly lessened, and
that petitioner had already sustained heavy and severe
losses caused by his inability to sell any such real
property due to the fact that the alimony had been
made a lien thereon; that the grocery business of
petitioner, in which he was engaged at the time of the
entry of said decree, and in which he was still engaged,
had ceased since said time to be profitable mainly
because of the establishment of chain stores in busi-
ness of that kind which had come into competition
with his business and diverted therefrom his former
customers; that petitioner knew no other business
than the grocery business, in which he had been
engaged all his life, and that he was unfit and incom-
petent to conduct any other kind of business; that
since the entry of said decree petitioner had remarried
and by such remarriage his expenses had been some-
what increased, and that although he lived as econom-
ically as possible, he could not pay to said Mary M.
Brinn the amount of alimony provided by said decree,
and support himself and wife without incurring debts
which would ultimately absorb his entire property;
that said Mary M. Brinn was much older than peti-
tioner and unaccustomed to an income of anything
like $125 per month, or living in a style or manner that
demanded or required an income of any such amount,
and that she now lives with one of her adult children

by a former husband and no such amount as $125 per month was needful or necessary for her support; and he asked the court to determine the true present value of the real estate and other property owned by him and the income derivable therefrom, and also his present income, and act in the premises as to equity was meet, etc.

Notice of the filing of said petition was duly given to said Mary M. Brinn and she appeared and demurred thereto on the several grounds set forth in her demurrer as the same appear in the record. Shortly stated, those grounds were, that the decree above mentioned was a final decree, over which the trial court had no power and which could not be modified or changed, and that as that decree was referred to and made a part of the petition, it appeared therefrom that the court had no jurisdiction or power to alter or modify the same, and for that reason the demurrer should be sustained. The trial court took this view of the matter and on the 29th day of October, 1925, entered the decree herein complained of, and sought to be reviewed and reversed, whereby it sustained said demurrer and dismissed said petition of your petitioner."

Upon this state of facts, certain questions of law arise, which have been argued before us, and which we are asked to decide.

[1] 1. Does the Virginia statute authorize the reopening of a final decree for divorce *a vinculo,* for the purpose of changing the amount of alimony fixed by such decree, when there are no children to be provided for?

This question must be answered in the negative.

Section 5111 of the Code is as follows: "Upon decreeing the dissolution of a marriage, and also upon decreeing a divorce, whether from the bond of matri-

mony or from bed and board, the court may make such
further decree as it shall deem expedient concerning
the estate and maintenance of the parties, or either of
them, and the care, custody, and maintenance of their
minor children, and may determine with which of the
parents the children, or any of them, shall remain; and
the court may, from time to time afterwards, on ·
petition of either of the parents, revise and alter such
decree concerning the care, custody, and maintenance
of the children, and make a new decree concerning the
same, as the circumstances of the parents and the
benefit of the children may require."

[2] The latter part of the section, relating to what
may be done by the court "afterwards" plainly applies
only to alterations "concerning the care, custody and
maintenance of the children," and the expression of the
power to revise and alter the decree in such case is an
exclusion of the power in all other cases.   No power is
conferred by the section to revise or alter the decree
for alimony where there are no children whose "care,
custody and maintenance" is to be provided for.

[3] 2. In the absence of such a statute and of any
reservation in the decree, has a court of equity the
power to modify a final decree awarding a divorce from
the bond of matrimony, and decreeing alimony to be
paid in monthly instalments?

On this question the authorities are not in harmony,
but the weight of authority and the better reasoning,
we think, denies the power.

In *Ruge* v. *Ruge*, 97 Wash. 51, 165 Pac. 1063, L. R. A.
1917F, 721, it is said:

"The question, may decrees in this class of cases be
·modified, seems to carry its own answer.   The status
to which the power to award alimony is incident having
by judicial mandate ceased to exist, the court having

exercised all of the power in the premises that it pos-
sessed, there being no continuing relationship of parent
and child to which the power to modify may be referred,
the alimony in question involving the right of the wife
only, the judgment or decree by its terms purporting
to be final. and conclusive upon the question, and there
being no statute conferring upon the court the power
to modify, there is no other source of authority to which
we may look.   The answer is scientifically and logically
irresistible that such power does not exist.   We must
disabuse our minds of the thought that there is any
peculiar mystery attaching to decrees of divorce and
alimony merely because they are such.   *   *   *   It
is elementary that an adjudication by a court having
jurisdiction of the subject-matter and of the parties is
final and conclusive not only as to the matters actually
determined, but as to every other matter which the
parties ought. to have litigated as incident thereto and
coming within the legitimate purview of the subject
matter of the action.   Consequently, when the question
of alimony is in fact actually litigated and finally de-
termined in the divorce action, as it is in this class of
cases, a judgment or decree in the action operates as
*res judicata* upon the question of alimony.   We there-
fore confidently assert that it is sustained both in princi-
ple and by the great weight of authority that, where
permanent alimony is awarded as incidental to the
granting of an absolute divorce, and there are no minor
children. of the parties, and the court does not reserve
to itself the right to thereafter exercise an unexhausted
portion of its power, but actually exhausts its jurisdiction
at one time, and there is no statute conferring upon the
court the power to modify or alter its decrees in respect
to the allowance of alimony to meet new conditions
thereafter transpiring, and the time for appeal or review

has expired, and the period limited by law within which judgments may be modified on motion or petition has elapsed, and the judgment is not attacked on the ground of fraud or mistake—the court has absolutely no jurisdiction to change its decree, but possesses only the right to enforce obedience to it."

These statements are supported by a great array of authorities, including *Smith* v. *Smith*, 45 Ala. 264; *Walker* v. *Walker*, 155 N. Y. 77, 49 N. E. 663; *Sammis* v. *Medbury*, 14 R. I. 214; *Bacon* v. *Bacon*, 43 Wis. 197; *Mayer* v. *Mayer*, 154 Mich. 386, 19 L. R. A. (N. S.) 245, 129 Am. St. Rep. 477, 117 N. W. 890. The citation of authority is quite full and we do not deem it necessary to do more than refer to the opinion for the cases. See also *Harlan* v. *Harlan*, 154 Cal. 341, 98 Pac. 32; *Wilkins* v. *Wilkins*, 146 Ga. 382, 91 S. E. 415; *Sampson* v. *Sampson*, 16 R. I. 456, 3 L. R. A. 349, 16 Atl. 711.

[4] The opinion concludes as follows: "* * * both upon principle and authority, where the decree grants an absolute divorce and permanent alimony, though payable in instalments, is allowed, and there are no minor children to be cared for, and the decree contains no reservation of jurisdiction, and there is no statute conferring the power to modify, after the time for appeal has expired and the time limited by statute within which judgments may be modified has elapsed, and the judgment is not attacked upon the ground of fraud or mistake, there is no power in the court to modify or alter it to meet changed conditions."

The opinion gives a critical review of the authorities *pro* and *con*, and is especially valuable for its review of the following cases usually cited as taking a contrary view: *Alexander* v. *Alexander*, 13 App. D. C. 334; *Emmerson* v. *Emmerson*, 120 Md. 584, 87-A, 1033; *Olney* v. *Watts*, 43 Ohio St. 499, 3 N. E. 354; *Francis* v. *Francis*, 192 Mo. App. 710, 179 S. W. 975.

We concur in the conclusion reached in *Ruge* v. *Ruge*, *supra*, that the decree cannot be modified in the case propounded in this question.

[5] 3. In a final decree awarding a divorce *a vinculo*, and decreeing alimony payable in monthly instalments, has a court of chancery in this State, in the absence of statute, the power, by a reservation in the decree, to change or modify its decree as to alimony to meet the changed condition of the parties?

We think that it has.

[6] Under section 5111 of the Code, power is expressly conferred to make any decree the court "shall deem expedient concerning the estate and maintenance of the parties or either of them." Clearly this power may be exercised, and may be changed from time to time, at any time before final decree. But the power of a court of chancery need not be exhausted or fully exercised at one time. It is one of the peculiar advantages of a court of equity that it may adapt its relief to the circumstances of the particular case, as the demands of justice may require. It is common practice to make decrees subject to conditions to be accepted, or acts to be performed by those to be benefited thereby—powers unknown to the common law.

In Barton's Chancery Practice (3d ed.) 454, after referring to decrees upon condition, it is said: "Reservations may also be made in the decree in favor of infants, and likewise to either party, to apply for further relief, in order, for instance, to enforce the payment of future installments of an annuity; or, in case of a decree for a legacy *quando accidentrint*, that is, when assests come to the hands of the personal representative, to compel the payment of a legacy; or in case of a decree for divorce, to direct from time to time the custody of children or payment of alimony; and under

such reservations it is competent to either party to ask the interposition of the court in a summary way, upon motion, or, if it be preferred, the relief may be had upon a new bill to carry the former decree into effect."

[7] When power is reserved over a decree for alimony, to that extent, but to that extent only, the decree fixing the amount is not final. The reservation itself shows that the court has not completely and finally exhausted its jurisdiction over that subject. *Ruge* v. *Ruge, supra.*

As said in *Henri* v. *Henri,* 71 W. Va. 131, 70 S. E. 837: "By such reservation in its decree the court retained control over its decree. The case was, therefore, still a pending case, for the purpose of permitting such change in the amount as future conditions and the circumstances of the parties might show to be necessary to meet the ends of justice and equity." The West Virginia statute (W. Va. Code, section 3646) was taken from the Virginia statute (Code, section 5111), and the two statutes are identical on the question here involved. Some courts draw a distinction between divorces *a mensa* and *a vinculo* as to the right to change a decree for alimony after a final decree, but this question has not been passed upon in either West Virginia or this State. In *Henri* v. *Henri, supra,* the divorce was *a mensa* and in *Sperry* v. *Sperry,* 80 W. Va. 142, 92 S. E. 574, while the divorce was *a vinculo,* the rights of infant children were involved, but in both cases it is held, independently of statute, that a court of equity has inherent power to reserve control over its decree. The right to make such reservation is plainly implied in other cases. *Sampson* v. *Sampson, supra; Mayer* v. *Mayer, supra; Ruge* v. *Ruge, supra.* See also 1 R. C. L. page 946, section 92, and cases cited.

2 Nelson, Divorce and Separation, section 933a (not accessible), is quoted in *Henri* v. *Henri, supra,* as fol-

lows: "It is clear that such a decree of divorce may reserve the allowance for future consideration, and in such case the decree is not an adjudication of a matter which by its very terms is left open for determination."

The propriety of making such a reservation is so manifest, in order to meet the changed condition of parties and to attain the ends of justice, and is so consonant with the practice in other cases in chancery, that we are satisfied that the right to make such reservation is inherent in courts of chancery.

[8] It is true that the statute (Code, section 5111), makes special provision for the revision and alteration of decrees in divorce cases, "concerning the care, custody and maintenance of the children," and says nothing about changes in other cases, but it is not to be inferred from this that the legislature intended, in such an indirect way, to take away from the courts of equity one of their inherent powers, long exercised, and so essential to the administration of justice. The legislature, following the example of the courts, was considering the best interests of the infants, and deemed it best to expressly provide for the "care, custody and maintenance of the children," whether it was necessary to do so or not.

We have been dealing with the inherent power of courts of equity to make reservations in their decrees, in the absence of statute. Where there is a statute, of course the statute controls. If it allows reopening a decree, the statute need not be referred to in the decree. It is a statutory right. If there is no such statute, and no reservation in the decree, then, as we have been, the matter is *res judicata*, and the decree cannot be disturbed. If the right is reserved to reopen or reconsider the amount of alimony, it may be done, whether power to make such reservation be conferred by statute or

exists as a right inherent in the court making the decree.

[9] 4. The remaining question for consideration is this: Was the reservation in the decree for divorce adequate to reserve to the court jurisdiction to alter or amend its decree as to the amount decreed for alimony?

The decree of divorce, after granting the divorce, alimony and counsel fees as hereinbefore set forth, concluded as follows: "And nothing further remaining to be done in this suit, it is further ordered that the same be removed from the docket, with leave reserved to the parties, or either of them, to make application to the court for such further orders as are authorized by law."

This was unquestionably a final decree, unless saved by the reservation aforesaid. It disposed fully of every question involved.

In 1 R. C. L., page 946, section 92, it is said: "Where alimony is awarded as incidental to an absolute divorce, the right of modification is dependent solely on statute, unless it is specifically reserved in the decree itself, for the jurisdiction of the court ceases with the severance of the marital tie." The test is supported by *Mayer* v. *Mayer, supra,* and *Sampson* v. *Sampson, supra,* cited in the notes.

[10] A reservation of jurisdiction over a part of the subject of litigation only, or for a limited purpose, ought not to be left in doubt and uncertainty in the decree making the reservation. It ought to be clear and explicit. It is to the interest of the State that there should be an end of litigation, and when litigants have been fully heard, and the whole subject has been decided, including costs, and the case dismissed from the docket, that should be the end of it, and if it is claimed that further jurisdiction is reserved over the subject matter, or the parties, such reservation should be made

to appear plainly.   The reservation in the instant case
does not measure up to this requirement.   It is only of
the right to apply for "such further orders as are author-
ized by law."   No such orders are authorized by law,
except to enforce the decree.   The time for appeal hav-
ing passed, there is no law authorizing a review of the
decree for the divorce, or to revise or alter the amount
allowed for alimony.   The language of the reservation,
if it means anything, applies as well to the divorce as to
the alimony, and it is not claimed that it applies to the
former.   The right to enforce the decree existed in-
dependently of the reservation, and the reservation was
a mere express grant of an existing right, and was un-
necessary.   There is no other right to which the reserva-
tion could apply.

The cases, *Shepherd* v. *Starke,* 3 Munf. (17 Va.) 29, and
*Jones* v. *Jones*, 131 Ala. 443, 31 So. 91, cited for appel-
lant, are so entirely different in their facts from the in-
stant case as not to require consideration.

The decree of the trial court will be affirmed.

*Affirmed.*