# Richmond

## David Sam Perry, Jr. v. Jeanne Shumate Perry.

June 12, 1961.

Record No. 5257.

Present, Eggleston, C. J., and Spratley, Buchanan, Snead, l'Anson and Carrico, JJ.

The opinion states the case.

*Beecher E. Stallard,* for the appellant.
(Submitted on brief)

No appearance or brief filed on behalf of the appellee.

BUCHANAN, J., delivered the opinion of the court.

This is an appeal from a decree awarding alimony to the appellee some two and one-half years after a final decree in which she had been granted an absolute divorce and which was silent on the subject of alimony.

The appellee, Mrs. Jeanne Shumate Perry, herein called com-

plainant, in April, 1957, filed her bill for a divorce *a mensa et thoro* from her husband, David Sam Perry, Jr., on the ground of cruelty and for the custody of their daughter, then one year old. She prayed that the defendant be required to pay to her alimony for herself and support money for the child. The defendant filed his answer and on complainant's motion for temporary alimony, support money, fees and costs, the court ordered the defendant to pay only for the support of the child, counsel fees and costs. The defendant failed to comply with this order, was cited for contempt, and the questions of custody and support of the child were referred to the Juvenile and Domestic Relations Court, Code § 20-113.

Afterwards the complainant filed a supplemental bill charging adultery and praying for an absolute divorce. Depositions were taken and by decree dated January 31, 1958, complainant was granted an absolute divorce from the defendant on the ground of adultery. The defendant was ordered to pay a fee to complainant's counsel but no reference was made to alimony for the complainant. The decree concluded with this paragraph:

"And nothing further remaining to be done herein it is ordered that this cause be stricken from the docket and placed among the ended causes with leave to either party to have the same reinstated for good cause shown."

Thereafter, in July, 1960, the complainant filed her petition alleging that she was unable to support herself and praying that the cause be reinstated on the docket and that defendant be required to pay alimony to her. The defendant filed an answer asserting that the court had lost jurisdiction of the cause because the decree of January 31, 1958, did not specifically retain jurisdiction to allow alimony, and it had been more than twenty-one days since the entry of that decree. Section 2:22 of Rules of Court provides:

"All final decrees, irrespective of terms of court, shall remain under the control of the trial court, and subject to be modified or vacated, for twenty-one (21) days after the date of entry, and no longer."

The court heard evidence *ore tenus*, which is not preserved in the record, and on July 15, 1960, entered the decree appealed from holding that it had not lost jurisdiction, reinstating the cause and ordering that the defendant pay to the complainant $25 a month alimony until the further order of the court. The only question now presented is whether the court had jurisdiction to enter that order.

In *Brinn* v. *Brinn*, 147 Va. 277, 137 S. E. 503, a suit for divorce and alimony, the wife was granted an absolute divorce and alimony by a decree entered in March, 1923, which concluded with this paragraph:

"And nothing further remaining to be done in this suit, it is further ordered that the same be removed from the docket, with leave reserved to the parties or either of them to make application to this court for such further orders as are authorized by law." 147 Va. at 279, 137 S. E. at 503.

In August, 1925, the husband filed a petition praying that the amount of alimony be decreased and for other modifications. The wife demurred on the ground that the 1923 decree was a final decree and the court had no jurisdiction to alter or modify it. The court sustained the demurrer and on appeal its action was affirmed.

In 1927, when that case was decided, § 5111 of the 1919 Code provided that after decreeing a divorce the court could make such further decree as it deemed expedient concerning the estate and maintenance of the parties and the custody of the children; and from time to time afterwards, on petition of either party, could revise and alter such decree concerning the custody and maintenance of the children and make a new decree concerning them as the circumstances required. This court held that the "afterwards" provision applied only to changes in the custody and maintenance of the children "and the expression of the power to revise and alter the decree in such case is an exclusion of the power in all other cases." 147 Va. at 282, 137 S. E. at 504.

In the absence of a statute conferring the power, and of any reservation of the power in the decree, it was held, a court of equity has no power to modify a final decree awarding a divorce from the bonds of matrimony and decreeing alimony to be paid in monthly installments. The court agreed with *Ruge* v. *Ruge*, 97 Wash. 51, 165 P. 1063, L.R.A. 1917 F, 721, that " 'an adjudication by a court having jurisdiction of the subject-matter and of the parties is final and conclusive not only as to the matters actually determined, but as to every other matter which the parties ought to have litigated as incident thereto and coming within the legitimate purview of the subject-matter of the action.' " 147 Va. at 283, 137 S. E. at 504.

It was further held, however, that in the absence of statute a court of equity has power by a proper reservation to change or modify its decree as to alimony, on the ground that "When power is reserved

over a decree for alimony, to that extent, but to that extent only, the decree fixing the amount is not final. The reservation itself shows that the court has not completely and finally exhausted its jurisdiction over that subject." 147 Va. at 286, 137 S. E. at 505. But "If there is no such statute, and no reservation in the decree, then, as we have seen, the matter is *res judicata*, and the decree cannot be disturbed." 147 Va. at 287, 137 S. E. at 506.

Finally, it was held that the reservation of jurisdiction to change such a decree must be clear and specific, and that the reservation quoted above did not meet that requirement. "The language of the reservation, if it means anything, applies as well to the divorce as to the alimony, and it is not claimed that it applies to the former." 147 Va. at 289, 137 S. E. at 506.

By Acts, 1938, chapter 418, page 784, § 5111 of the 1919 Code was amended to insert therein this clause: "and upon petition of either party [the court] may increase, decrease, or cause to cease, any alimony that may thereafter [after the date of the decree] accrue whether the same has been heretofore or hereafter awarded, as the circumstances may make proper." That clause was carried into present § 20-109 of the 1950 Code, in effect at the time of the decree now appealed from.

In *Eaton* v. *Davis*, 176 Va. 330, 10 S. E. 2d 893, decided in 1940, the wife had been awarded alimony by a final decree entered in 1929, which struck the case from the docket. After the adoption of the 1938 amendment the husband filed a bill to have the award of alimony reduced. This court sustained the constitutionality of the retroactive feature of the amendment against the charge that it interfered with vested rights, and held that the husband was thereby given the right to be heard on the question of reducing the alimony payments. In the opinion it was said:

"* * We have held, however, that, since alimony awarded in an *a vinculo* decree is strictly a creature of statute, no power inheres in the courts to modify such a decree, and the decree is incapable of modification unless this power is specifically reserved to the court in the decree. *Brinn* v. *Brinn, supra*." 176 Va. at 339, 10 S. E. 2d at 897.

In *Golderos* v. *Golderos*, 169 Va. 496, 194 S. E. 706, decided in 1938, but before the effective date of the 1938 amendment, it was again held that in the absence of statute and of a reservation in the decree of power to do so, alimony granted by a final decree could

not be afterwards reduced; that the decree was an adjudication not only of matters actually determined, but of every other matter which the parties ought to have litigated as incidental thereto, and was final and conclusive as to all such matters; that clearly the cause could not be reopened for the purpose of modifying the character of the divorce and that if it could be reopened for one purpose it might be argued that it could be reopened for all purposes.

"* * Ordinarily, the judgment or decree in the divorce or separation suit, although silent as to alimony, operates as res judicata not only as to the right to a divorce or separation, but as to the question of alimony as well. The failure to grant alimony is properly treated as the equivalent of a denial of alimony and, in the absence of statute or a provision in the decree, as conclusive against the granting of alimony on a subsequent application therefor." 17 Am. Jur., Divorce and Separation, § 719, p. 763.

"* * But statutory power to modify a decree for permanent alimony does not inferentially authorize the court to award alimony after divorce where none was given by the decree." *Ibid.*, § 715, p. 761.

It is very generally held that "A statute authorizing modification of an award of alimony made in a divorce decree does not permit the court to insert a provision for alimony in a divorce decree which is silent on that question." Anno., 43 A.L.R. 2d 1387, at 1406.

These holdings proceed on the principle that where no alimony has been granted by the decree there is nothing in the decree to modify.

The statute here involved, § 20-109, provides only that the court may "increase, decrease, or cause to cease" any alimony that may thereafter accrue; *i.e.*, accrue after the date of the decree, "whether the same has been heretofore or hereafter awarded." Where none has been awarded, then there is none to "increase, decrease, or cause to cease." Plainly this statute does not allow the reopening of the decree of January 31, 1958, and the granting now of alimony when none was granted by that decree.

It is equally plain that the concluding clause of that decree "with leave to either party to have the same [the cause] reinstated for good cause shown," is not a specific reservation of power in the court thereafter at any time to reinstate the cause and grant alimony. It is certainly no more specific than the reservation in the *Brinn* case, *supra*, which was held to be insufficient.

For the reasons stated the decree of July 15, 1960, appealed from, is reversed and the complainant's petition for alimony is dismissed.

*Reversed and final decree.*