18012

Thelma L. TAYLOR, Respondent, v. R. E. TAYLOR, Appellant.
(128 S. E. (2d) 910)

*Messrs. James P. Mozingo, III, D. Kenneth Baker* and *Greer & Chandler,* of Darlington, *for Appellant,*

*Robert L. Kilgo, Esq.,* of Darlington, *for Respondent,*

December 31, 1962.

Moss, Justice.

Thelma L. Taylor, the respondent herein, on April 28, 1951, instituted an action for a divorce *a vinculo matrimonii* from her husband, R. E. Taylor, the appellant herein, on the ground of physical cruelty. Section 20-101(3) of the 1952 Code of South Carolina. The respondent, in her complaint, prayed for an allowance to her of *pendente lite* and permanent alimony, together with suit money. Section 20-112, of the 1952 Code. The respondent also demanded a division of the property of the parties. Discovery proceedings were had to locate assets for division without success, and at the trial of the divorce case she presented no evidence in relation to her claim for alimony.

The record shows that on October 3, 1953, the respondent was granted a divorce *a vinculo matrimonii* from the appellant on the ground of physical cruelty. She was also granted suit money but she was denied any alimony because the record disclosed that "plaintiff's earnings at the time are sufficient for her support."

The respondent, on August 10, 1961, which was seven years and ten months after she had obtained her divorce, served on the appellant a notice and an affidavit that she would move the Court for alimony and attorney's fees on the basis of a change of condition since the decree of divorce. The respondent, by her affidavit, asserts that she was unemployed, in bad health, and without funds for her support. The appellant resisted the motion of the respondent for alimony and attorney's fees upon the following grounds: (1) That the original decree of divorce, not having granted alimony, was *res judicata* of the issue here raised; (2) That there was no statute authorizing an alimony award subsequent to the divorce decree; and (3) That the decree of absolute divorce was entered without reservation of the right thereafter to make an allowance for alimony, and hence, the Court was without authority to allow alimony in this proceeding.

This matter was heard by the Honorable James A. Spruill, Jr., Judge of the Fourth Circuit, upon affidavits submitted by the parties. Thereafter, on November 4, 1961, Judge Spruill issued his order directing the appellant to pay to respondent Twenty ($20.00) Dollars per week alimony until the further order of the Court. He held that the defenses interposed by the appellant were without merit. This appeal followed.

The exceptions of the appellant raise the same questions as were interposed by him in resisting the motion of the respondent for alimony. Section 20-116 of the 1952 Code, provides that "Whenever any husband, pursuant to a judgment of divorce * * * has been required to make to his wife any periodic payments of alimony and the circumstances of the parties * * * shall have been changed since the rendition of such judgment, either party may apply to the court which rendered the judgment for an order and judgment decreasing or increasing the amount of such alimony payments or terminating such payments * * *." It is observed that this statute provides only that the Court may increase, decrease or terminate any alimony payments provided for in a judgment of divorce. The Trial Judge correctly held that this statute was not applicable. We think he was correct in this holding because the decree of divorce here involved had not awarded any alimony to the respondent. Since no alimony had been awarded, there was nothing to increase, decrease or terminate. The Virginia case of *Perry v. Perry*, 202 Va. 849, 120 S. E. (2d) 385, is one upon a comparable factual situation under a similar statute. In the cited case the wife filed a petition to reinstate a divorce case and to require her husband to pay alimony. The Supreme Court of Appeals of Virginia held:

"The statute here involved, § 20-109, provides only that the court may 'increase, decrease, or cause to cease' any alimony that may thereafter accrue; *i. e.,* accrue after the date of the decree, 'whether the same has been heretofore or hereafter awarded.' Where none has been awarded, then

there is none to 'increase, decrease, or cause to cease.' Plainly this statute does not allow the reopening of the decree of January 31, 1958, and the granting now of alimony when none was granted by that decree."

> We conclude that there was no statute authorizing
> ■ the Trial Judge, under the factual situation here dis-
> closed, to award the respondent alimony subsequent

to her divorce decree. Had the decree awarded the respondent alimony in any amount, then, under the statute, Section 20-116, the Court would have had the authority to increase, decrease or terminate, upon proper showing of a change of condition, the alimony payments provided for in a judgment of divorce. Since, in this case, no alimony was awarded, the statute is inoperative.

It is the position of the appellant that since the decree of divorce in this case did not reserve the right thereafter to make an award for alimony, the Court was without authority to allow such in this proceeding.

> The general rule is that alimony may be granted after
> ■ a decree of divorce, if right to have it subsequently
> determined is reserved in the divorce decree. *Zuber*

*v. Zuber*, 215 Ga. 314, 110 S. E. (2d) 370; *Brinn v. Brinn*, 147 Va. 277, 137 S. E. 503; *Perry v. Perry, supra; Hanks v. Hanks*, 282 Ky. 236, 138 S. W. (2d) 362; 27A C. J. S. Divorce § 231, at page 1024, and the cases cited in the footnote. In a final decree awarding a divorce *a vinculo matrimonii* the Court, in the absence of statute, may reserve the question of allowance of future alimony, and in such case the decree is not an adjudication of a matter which by its very terms is left open for determination. However, where the divorce decree does not provide for alimony and there is no reservation of jurisdiction in the decree, such is final and absolute, and the wife cannot be allowed alimony in any subsequent proceeding. *Perry v. Perry, supra; Brinn v. Brinn, supra; Marcel v. Marcel*, Fla. App., 132 So. (2d) 210; *Weiss v. Weiss*, Fla. App., 118 So. (2d) 833; 43 A. L. R. (2d) at page 1396.

This brings us to the question of whether the decree of divorce in this case reserved to the Court the right to award alimony subsequent thereto. An intention to reserve jurisdiction of the subject of alimony cannot be derived from a provision in a divorce decree where there are no words of express reference thereto. In the absence of an express reservation, the element of uncertainty would characterize all such decrees. *Keene v. Keene,* 241 Ill. App. 414. The Court pointed out in the case of *Crawford v. Crawford,* 129 Misc. 683, 221 N. Y. S. 551, that the intent to reserve power over alimony should not be implied but expressly declared.

In *Brinn v. Brinn, supra,* the Virginia Court said:

"A reservation of jurisdiction over a part of the subject of litigation only, or for a limited purpose, ought not to be left in doubt and uncertainty in the decree making the reservation. It ought to be clear and explicit."

Where there is a clear and specific reservation in its decree the Court retains control thereof; the case is still a pending case, for the purpose of permitting such change as future conditions and changed circumstances of the parties might show to be necessary to meet the ends of justice. *Henrie v. Henrie,* 71 W. Va. 131, 76 S. E. 837.

An examination of the divorce decree in this case shows that there was no express or specific reservation therein of the right to award alimony subsequent to such decree. In the absence of any such reservation in the divorce decree the Trial Judge did not possess the power to modify such final decree by awarding and decreeing alimony when none had been granted in the original decree.

The respondent was not awarded any alimony in this case, the reason therefor being that she was then gainfully employed and her earnings at the time were sufficient for her support. However, in order to preserve and protect her right to demand future alimony, the decree should have contained a provision reserving such question for future determination.

In the case of *Perry v. Perry, supra,* the concluding clause of the decree "with leave to either party to have the same * * * reinstated for good cause shown" was held not to be a specific reservation of power in the Court thereafter at any time to reinstate the cause and grant alimony.

In the *Brinn v. Brinn case, supra,* the reservation therein "with leave reserved to the parties, or either of them to make application to the court for such further orders as are authorized by law" was held to be insufficient.

In 17 Am. Jur., Divorce and Separation, § 715, at page 761, we find the following:

"* * * But statutory power to modify a decree for permanent alimony does not inferentially authorize the court to award alimony after divorce where none was given by the decree. * * *"

Again, in 17 Am. Jur., Divorce and Separation, § 719, at page 763, we find the following:

"* * * Ordinarily, the judgment or decree in the divorce or separation suit, although silent as to alimony, operates as *res judicata* not only as to the right to a divorce or separation, but as to the question of alimony as well. The failure to grant alimony is properly treated as the equivalent of a denial of alimony and, in the absence of statute or a provision in the decree, as conclusive against the granting of alimony on a subsequent application therefor. * * *"

The doctrine of *res judicata* has been generally said to bar relitigation not only of issues actually decided in the former proceeding, but also of such issues as could have been there presented for decision. Here, the divorce decree was an adjudication not only of the matters actually determined, but of every other matter which the parties ought to have litigated as incidental thereto, such as the right to future alimony, and was final and conclusive as to all such matters. *Melton v. Melton,* 229 S. C. 85, 91 S. E. (2d) 873.

In the case of *Bassett v. Bassett,* 99 Wis. 344, 74 N. W. 780, it was held that where the issue of alimony was pre-

sented by the pleadings in a divorce proceeding, a judgment which is silent on alimony precludes, under the doctrine of *res judicata,* a wife from thereafter claiming alimony, under the general rule that a judgment is *res judicata* not only as to the matter actually determined, but as to every other matter which the parties might, under the pleadings, have litigated. However, in *Chadbourne v. Chadbourne,* 245 **Mass.** 383, 139 N. E. 532, it was held that the doctrine of *res judicata* is not applicable where the question of alimony was expressly reserved by the Court for future consideration.

We conclude that the decree of divorce granted to the respondent was final and conclusive. Since we have no statute conferring the power and there is no reservation of jurisdiction in such divorce decree to change such as to future alimony, the Court below was without power to modify the final decree by making an alimony award subsequent thereto. The original decree was *res judicata* as to future alimony.

The exceptions of the appellant raise other issues which we find unnecessary to decide in view of the conclusion heretofore reached.

The judgment of the lower Court is reversed and the case remanded for entry of judgment in favor of the appellant.

Reversed and remanded.

Taylor, C. J., and Lewis, Bussey and Brailsford, JJ., concur.