## 19599

Douglas Sarvis PAGE, Respondent, v. Macie Cooke PAGE, Appellant

(195 S. E. (2d) 613)

*Harry Pavilack, Esq.,* of Myrtle Beach, *for Appellant,*

*Palma K. Huggins, Esq.,* of Conway, *for Respondent,*

March 28, 1973.

BRAILSFORD, Justice:

The husband commenced this action for divorce on the ground of desertion in the Family Court of Horry County, and the wife filed a cross-bill for divorce and alimony on the ground of physical cruelty. The court found that the wife left the family home on January 19, 1971, and continuously absented herself therefrom, all of the elements of desertion being present, until the commencement of this action on January 20, 1972, and thereafter. The court also found that the charges against the husband of physical cruelty were not established by the evidence. Accordingly, a divorce was awarded to the husband on the ground of desertion. The court refused to consider the wife's claim to alimony, holding that the claim was precluded by the adverse judgment in a prior action by the wife in the circuit court charging the husband with physical cruelty and seeking separate support and maintenance and child custody. The wife has appealed.

The prior action resulted in concurrent findings by the master and circuit judge that the wife was without just cause or excuse in leaving the marital abode and exonerating the husband of the charge of physical cruelty. However, the wife, having waived her claim to support for herself, was awarded custody of the children and $200.00 per month for their support.

We need not review the evidence tending to support the charges of physical cruelty against the husband, which the court below found unpersuasive, because the precise issue was litigated between the same parties in the prior action in the circuit court, and was resolved against

the wife by the judgment in that action. The prior judgment precludes the wife from relitigating that issue although the cause of action here is not the same as in the first action. 46 Am. Jur. (2d), Judgments, Sec. 415 (1969); *Jones v. Hamm,* 253 S. C. 283, 170 S. E. (2d) 206 (1969).

Regarding the former adjudication that the wife left the marital abode without just cause or excuse as conclusive against her claim to alimony in the divorce action, the court refused to hear her evidence relating to this claim. This was error. Only an adulterous wife is automatically barred from alimony by the terms of the statute. Sec. 20-113, Code of 1962. In all other cases "the circumstances and conduct of an offending spouse might be such as to bar her from alimony but this is a matter solely for the trial judge, governed by equity and justice and the condition of both parties. The exercise of such a discretion will not be disturbed on appeal unless an abuse thereof is shown." *Herbert v. Herbert,* S. C., 194 S. E. (2d) 238, 239 (1973); *McKenzie v. McKenzie,* 254 S. C. 372, 175 S. E. (2d) 628 (1970).

Affirmed as to award of divorce to respondent; remanded for consideration of appellant's claim to alimony.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.