22562

Arthur Paul LAWTER, Appellant v. Margaret G. LAWTER, Respondent.
(345 S. E. (2d) 479)

Supreme Court

*James R. Turner*, Spartanburg, *for appellant.*

*Gary W. Poliakoff*, Spartanburg, *for respondent.*

Heard May 7, 1986.

Decided June 9, 1986.

HARWELL, Justice:

The family court awarded alimony to the respondent (wife) in the divorce decree. The appellant (husband) contends that this was error because the wife waived her right to alimony during the separate maintenance hearing. We agree and reverse that portion of the divorce decree which awards alimony to the wife.

On January 16, 1981, the family court entered a final order granting the wife's petition for a decree of separate maintenance. The order stated that the parties had reached an agreement regarding all matters raised by the pleadings. Even though the wife had requested alimony in her petition, no alimony was granted in the order nor was the right to future alimony reserved. The parties stipulated and the family court noted as a finding of fact that the wife waived her right to alimony at the separate maintenance hearing.

On October 3, 1984, the husband filed a petition for divorce on the ground of one year's separation. The wife answered and counterclaimed alleging the need for alimony. The wife's health had deteriorated since the entry of the

separate maintenance order to the point that she had become totally disabled. The wife's income had drastically decreased while the husband's income had increased. The family court granted the husband's petition for divorce and awarded alimony to the wife.

In *Taylor v. Taylor*, 241 S. C. 462, 128 S. E. (2d) 910 (1962), the lower court denied the wife's request for alimony in the final decree. Nearly eight years later, the wife sought an award for alimony based on changed circumstances. We noted that, "where the divorce decree does not provide for alimony and there is no reservation of jurisdiction in the decree, such is final and absolute, and the wife cannot be allowed alimony in any subsequent proceeding." 241 S. C. at 466, 128 S. E. (2d) at 912. This rationale is also applicable when something less than a complete divorce is involved. *See Lowe v. Lowe*, 256 S. C. 243, 182 S. E. (2d) 75 (1971). Issues litigated and decided in a separate maintenance action may not be relitigated in a subsequent divorce proceeding. *Clayton v. Clayton*, 287 S. C. 308, 338 S. E. (2d) 326 (1985); *Page v. Page*, 260 S. C. 298, 195 S. E. (2d) 613 (1973); *Powell v. Powell*, 249 S. C. 663, 156 S. E. (2d) 305 (1967).

The separate maintenance order provided for the husband to pay $33,000 to the wife for her interest in the marital home and real estate and $200 for the wife's attorney fees. The order also addressed matters of child custody and support which are no longer relevant. While the court sympathizes with the wife's situation, she waived her right to alimony and the family court found the agreement to be fair. There must be finality in a decree.

A prior judgment by a court having jurisdiction of the parties and the subject matter is conclusive in a subsequent action between the parties as to the questions litigated in the prior action and determined by the judgment. Since the issue of alimony had been litigated at the separate maintenance hearing, the court below was without power to award alimony in the final divorce decree. The portion of the final decree awarding alimony to the wife is reversed.

Affirmed in part and reversed in part.

NESS, C. J., and GREGORY, CHANDLER and FINNEY, JJ., concur.