1068

Judith E. WEST, Appellant v. James E. WEST, Jr., Respondent.

(363 S. E. (2d) 402)

Court of Appeals

*Robert L. Jackson* of *Jackson & Jackson,* Columbia, *for appellant.*

*Phillip K. Sinclair* of *Thompson, Sinclair & Anderson,* Spartanburg, *for respondent.*

Heard Sept. 23, 1987.

Decided Dec. 14, 1987.

SHAW, Judge:

Appellant-wife, Judith E. West, brought this action in the family court against respondent-husband, James E. West, Jr., seeking a decree of separate maintenance, custody of minor children, child support, alimony, attorney fees, division of marital property and a restraining order. The husband counterclaimed for custody of the minor children, child support, and for a division of the marital property. The court granted custody of the children to the husband and ordered the wife to pay $55.00 per week child support. The court also granted the wife a legal separation and made a division of the property, visitation privileges, and denied and forever foreclosed alimony to the wife. We affirm.

In appeals from the family court, we have jurisdiction to find the facts in accordance with our own view of the preponderance of the evidence. *Mitchell v. Mitchell*, 283 S. C. 87, 320 S. E. (2d) 706 (1984).

The parties were married August 30, 1975 and from the marriage two children were born, ages nine and two. The parties separated April 19, 1986.

I

Sections 20-7-471-479, S. C. Code of Laws give authority and instruction to family court judges regarding the disposition of marital property in separate maintenance or divorce actions.

Mrs. West claims error in that the family court judge failed to make a full and complete discussion of all of the factors contained in Section 20-7-472 which reads in pertinent part, "... the court must give weight in such proportions as it finds appropriate to all of the following factors...." We hold the judge addressed the factors with sufficiency for us to determine he was cognizant of the required factors regarding division of the marital property. He found both parties made substantially the same incomes and both substantially contributed equally to the acquisition of the marital property thereby justifying his finding that each is entitled to 50% of all of the marital property.

II

Mrs. West claims the court erred in granting custody of the minor children to Mr. West. We disagree.

The record reveals both parties shared the responsibility of rearing the children, however, Mr. West was the primary caretaker during the months prior to the separation. He bathed the children on a regular basis, put them to bed, fixed meals, took them to school, assisted with homework, and attended church with the children.

The record also reveals Mrs. West was a user of profane language around the children and that her lifestyle revealed she planned her personal and professional life above her care for the children and the homelife.

Generally, custody matters are very close regarding the selection of one primary custodial parent over the other. We find no abuse of discretion here.

The welfare and best interests of children is the "primary, paramount and controlling consideration of the court in all custody controversies." *Cook v. Cobb*, 271 S. C. 136, 245 S. E. (2d) 612 (1978).

### III

Mrs. West claims the court erred in requiring her to pay $55.00 per week for child support. In South Carolina, both the father and mother are primarily liable for their child's support. S. C. Code Ann. § 20-7-40 (1985); *McElrath v. Walker*, 285 S. C. 429, 330 S. E. (2d) 313 (Ct. App. 1985). This amount is hardly excessive. The court considered Mrs. West's income and her expenses. We hold there is no abuse of discretion.

### IV

Finally, Mrs. West claims the court erred in denying and forever foreclosing her from alimony.

Unless alimony is barred as a matter of law, it is within the discretion of the court to award or deny alimony. *Doe v. Doe*, 286 S. C. 507, 334 S. E. (2d) 829 (Ct. App. 1985). Only an adulterous spouse is automatically barred from alimony. Section 20-3-130, Code of Laws of South Carolina, 1976; *Page v. Page*, 260 S. C. 298, 195 S. E. (2d) 613 (1973); *Clardy v. Clardy*, 266 S. C. 270, 222 S. E. (2d) 771 (1976); *McKnight v. McKnight*, 283 S. C. 540, 324 S. E. (2d) 91 (Ct. App. 1984). In this case, the court found the age, health, income, and earning capacity of Mrs. West to be

relatively similar to her husband's. The court found she is able to provide for herself. These findings are not against the clear preponderance of the evidence. In the circumstances, we discern no abuse of discretion in denying alimony. Once the issue of alimony has been actually litigated in a legal separation proceeding and alimony has been denied, it may not be relitigated in a subsequent proceeding unless the court reserves jurisdiction over the issue. *Lawter v. Lawter,* 289 S. C. 298, 345 S. E. (2d) 479 (1986). *Clayton v. Clayton,* 287 S. C. 308, 338 S. E. (2d) 326 (1985); *Page v. Page,* 260 S. C. 298, 195 S. E. (2d) 613 (1973); *Lowe v. Lowe,* 256 S. C. 243, 182 S. E. (2d) 75 (1971); *cf. Taylor v. Taylor,* 241 S. C. 462, 128 S. E. (2d) 910 (1962). We interpret the court's order that Mrs. West is "forever foreclosed" from alimony as a statement that jurisdiction over alimony is not being reserved. We find no abuse of discretion in this ruling. Therefore, we affirm.

Affirmed.

BELL and CURETON, JJ., concur.