1779

Ada Elizabeth JORDAN, Appellant v. John Woolf JORDAN, III, Respondent.

(415 S.E. (2d) 424)

Court of Appeals

---

*Harold R. Lowery* and *Robert B. King, Jr.*, of *Lowery, Thompson & King*, Anderson, *for appellant*.

*Richard N. Tapp*, of *Carter, Smith, Merriam, Tapp, Rogers & Traxler*, Greenville, *for respondent*.

Heard Jan. 16, 1992.

Decided March 2, 1992.

SHAW, Judge:

Appellant-wife, Ada Elizabeth Jordan, petitioned the family court for reconsideration of her rehabilitative alimony award alleging rehabilitation was not possible and that she was in need of continual support. Respondent-husband, John Woolf Jordan, III, moved for dismissal on the basis that the issue was *res judicata*. The court dismissed the action and the wife appeals. We affirm.

The record reveals the parties to this action were married in 1982. After a marriage of less than four years, the wife initiated an action against the husband seeking, among other things, a divorce and alimony. Following a hearing on the matter, the family court issued its final order dated February 5, 1986 which awarded the wife rehabilitative alimony in the amount of $2,500 per month for a period of four years. It is undisputed the husband fully satisfied this obligation. The wife sought to have the award of rehabilitative alimony reconsidered. The family court judge found the wife failed to appeal the initial award of rehabilitative alimony and granted the husband's motion to dismiss.

The decree being final and conclusive, with no appeal having been taken, we must determine whether there exists a statute conferring power to modify rehabilitative alimony, or a reservation of jurisdiction in the decree "to change such as to future alimony." *Taylor v. Taylor*, 241 S.C. 462, 128 S.E. (2d) 910 (1962). Without one or the other, the court below was without power to modify the final decree as to alimony subsequent thereto and the original decree was *res judicata* as to future alimony. *Id.* 128 S.E. (2d) at 913.

Turning to the statutes, we note that S.C. Code Ann. § 20-3-130(B)(3) (Supp. 1990) provides for modification of rehabilitative alimony where "unforeseen events" frustrate the good-faith efforts of the supported spouse to be-

come self-supporting or the ability of the supporting spouse to pay the rehabilitative alimony. While this evidences the intent of the Legislature that rehabilitative alimony be modifiable, the case at hand arose prior to the adoption and effective date of this statute and this statute, therefore, does not apply.[1]

The wife argues, however, that rehabilitative alimony is subject to modification under S.C. Code Ann. § 20-3-170 (1976). This section provides in part:

> Whenever any husband or wife, pursuant to a judgment of divorce from the bonds of matrimony, has been required to make his or her spouse any periodic payments of alimony and the circumstances of the parties or the financial ability of the spouse making the periodic payments shall have changed since the rendition of such judgment, either party may apply to the court which rendered the judgment for an order and judgment decreasing or increasing the amount of such alimony payments or terminating such payments and the court, after giving both parties an opportunity to be heard and to introduce evidence relevant to the issue, shall make such order and judgment as justice and equity shall require, with due regard to the changed circumstances and the financial ability of the supporting spouse, decreasing or increasing or confirming the amount of alimony provided for in such original judgment or terminating such payments.

Without deciding whether this statute contemplates its application to rehabilitative alimony as "periodic payments of alimony," we note in this case the wife is not basing her claim for modification on a change in circumstances since rendition of the divorce judgment. Indeed, she is seeking modification on the basis that she has not been rehabilitated, there has been no change, and therefore, she needs alimony continued.[2]

---

[1] The fact that the Legislature amended the alimony statute to provide for such modification arguably shows the Legislature recognized rehabilitative alimony was not modifiable under the existing law.

[2] In her complaint, the wife alleges only that she has attempted to perform substantial gainful work since the date of the decree and, due to her "impairments," has been unable to become rehabilitated and join the work force. She does not specify the exact nature of her "impairments" and the record indicates that at the time of the original decree, the wife had suffered from both physical and mental problems.

Had the wife felt that rehabilitative alimony was improper or that it was possible she would not be rehabilitated within the specified four-year period, she should have appealed that order.

While it is arguable that her rehabilitation within the four-year period was contemplated by the decree and, thus, her failure to rehabilitate within that time amounts to a change in circumstances, a consideration of the case law militates against this argument. In *Herring v. Herring*, 286 S.C. 447, 335 S.E. (2d) 366 (1985) our Supreme Court converted a lower court award of rehabilitative alimony of $350 per month for three years to permanent alimony of $350 per month, but provided the husband could petition the family court after three years for an evidentiary hearing to determine whether alimony should be continued, terminated or reduced. The court expressly recognized rehabilitative alimony awards and cautioned that "the record must demonstrate the self-sufficiency of the recipient at the expiration date of ordered payments." The court further noted:

> The peril inherent in rehabilitative alimony is its contingency that the recipient will achieve self-sufficiency within the prescribed period. *Id.* 335 S.E. (2d) at 369.

By requiring the evidence to sufficiently support the award of rehabilitative alimony and noting the inherent peril in such an award, the court recognized that rehabilitative alimony, by its nature, was not modifiable. For if we were to accept the wife's position that the supported spouse would be able to petition the court for modification, there would be no "inherent peril." We find further support in that, had the court considered rehabilitative alimony to be modifiable, then it could have merely affirmed the family court award of rehabilitative alimony and noted the wife could petition for a continuation of alimony at the end of the three-year period instead of converting the award to one of periodic alimony.

By awarding rehabilitative alimony for four years and by not providing for possible modification after that time, the trial judge necessarily found the wife was not entitled to alimony after the expiration of the four-year period. In *Lawter v. Lawter*, 289 S.C. 298, 345 S.E. (2d) 479 (1986) our Supreme Court noted where a final decree does not provide for alimony

and there is no reservation of jurisdiction in the decree, such is final and absolute, and the parties cannot be allowed alimony in any subsequent proceeding. We find the same principle applicable to the case at hand since the final decree was tantamount to not providing for alimony after the four-year period.

The wife further argues the 1986 order did not bar any subsequent modification in the event rehabilitation did not occur within the specified time. However, neither did the order provide for such modification. Once the issue of alimony has been litigated and denied, it may not be relitigated in a subsequent action unless the court reserves jurisdiction over the issue. *West v. West*, 294 S.C. 190, 363 S.E. (2d) 402 (Ct. App. 1987). An intention to reserve jurisdiction of the subject of alimony cannot be derived from a provision in a divorce decree where there are no words of express reference thereto. The intent to reserve power over alimony should not be implied, but expressly declared. *Taylor*, 128 S.E. (2d) at 912. Again, had the wife been concerned she would not be rehabilitated within the four-year period, she could have appealed the award and asked for either permanent alimony or a modification of the final decree allowing her to seek alimony after the four years in case she did not achieve rehabilitation.

We therefore conclude that, under the case law and statutes prevailing at the time the final decree was entered, the court below was without jurisdiction to modify the alimony to continue the same after the expiration of the rehabilitative time period. The original decree was *res judicata* as to this issue.

Affirmed.

SANDERS, C.J., and GOOLSBY, J., concur.