# CIRCUIT COURT OF THE CITY OF NORFOLK

Benigna Fauci

v.

Joseph J. Fauci

September 8, 1999

Case No. (Chancery) CH94-2254

BY JUDGE EVERETT A. MARTIN, JR.

Mrs. Fauci filed a Bill of Complaint for divorce in 1994 in which she did not request equitable distribution. Mr. Fauci was served, but he filed no response. The Faucis both appeared at the Commissioner's hearing. For reasons not known to the Court, the Commissioner informed the Faucis at the hearing that equitable distribution was to be reserved, and he so recommended in his report. The final decree entered on May 26, 1995, did not, however, reserve equitable distribution. Mrs. Fauci has now moved pursuant to Code of Virginia § 20-121.1 to reinstate the suit on the docket to obtain equitable distribution of marital property. The motion is denied.

The predecessor of § 20-121.1 was first enacted by 1948 Acts of Assembly, c. 293. It cannot have been intended merely to give the courts authority to revise child support and alimony awards for the courts then had such authority under § 5111 of the Code of 1942 (now §§ 20-108 and 20-109).

The present statute was originally the second paragraph of § 5115 of the Code of 1942. The first paragraph of § 5115 governed the revocation of a decree of a divorce *a mensa et thoro* or the merger of such a decree into a decree of divorce *a viniculo matrimonii*. Those provisions are now found in §§ 20-120 and 20-121. Since 1948 the Code has allowed a revocation of a decree *a mensa et thoro* "at any time," but in 1948 under then § 5115, a decree *a mensa et thoro* could be merged into a decree *a viniculo matrimonii*

on the motion of the injured party made two years after desertion or separation or on the motion of the guilty party made three years after the entry of the decree *a mensa et thoro*. Given the placement of what is now § 20-121.1, it would appear its purpose was to allow the reinstatement of divorce suits to revoke a decree *a mensa et thoro* or to merge such a decree into a decree *a viniculo matrimonii*.

Other possible purposes of the section could be the adjudication of matters reserved in the final decree, the enforcement of a provision of the decree, or the granting of a divorce after discontinuance or dismissal under § 8.01-335 when no decree of divorce *a viniculo matrimonii* had ever been entered. See *Smith v. Smith*, 4 Va. App. 148, 354 S.E.2d 816 (1987); *Crenshaw v. Crenshaw*, 12 Va. App. 1129, 408 S.E.2d 556 (1991).

In *Toomey v. Toomey*, 251 Va. 168, 465 S.E.2d 838 (1996), the Supreme Court noted that the Circuit Court's jurisdiction to award equitable distribution is purely statutory, and that § 20-107.3 provides it may only be awarded in a Virginia divorce proceeding upon (1) decreeing a divorce or (2) if jurisdiction is retained in the final decree. That would seem to resolve the issue, but the application of § 20-121.1 was not raised in *Toomey*. However, a review of certain alimony cases indicates § 20-121.1 was probably not intended to authorize reinstatement of a divorce suit to make an equitable distribution award when jurisdiction was not retained. Like equitable distribution, a Circuit Court's jurisdiction to award alimony is entirely statutory.

Virginia law has long provided that where no alimony is awarded by the divorce decree and the decree makes no explicit reservation of alimony, no alimony may be subsequently ordered. *Brinn v. Brinn*, 147 Va. 277, 137 S.E. 503 (1927). The Supreme Court of Virginia has affirmed this principle in several cases decided since 1948. See, for example, *Perry v. Perry*, 202 Va. 849, 120 S.E.2d 385 (1961); *Losyk v. Losyk*, 212 Va. 220, 183 S.E.2d 135 (1971); *Dixon v. Pugh*, 244 Va. 539, 423 S.E.2d 169 (1992). The possible application of § 20-121.1 was not raised in any of these cases. However, the failure of the Supreme Court to so apply this statute in over fifty years is strong evidence that it was not intended for this purpose.

A decree denying the motion to reinstate has been entered.